IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID G. LEONARD,

    Plaintiff,                      No. 2:12-cv-00915 GGH P

    vs.

JIM DENNY, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The certificate portion of plaintiff's motion to proceed in forma pauperis, which must be completed by plaintiff's institution of incarceration, has not been filled out. Also, the court has not received a certified copy of plaintiff's prison trust account statement for the six month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(2).

        The court notes that plaintiff has written a letter, dated April 9, 2012, which reads that he is submitting his completed certification along with the April 9, 2012 letter. See Doc. No. 7. However, a review of the court's electronic filing system reflects that no certification is attached to the letter. Id. Accordingly, plaintiff will be provided the opportunity to submit a

1

completed certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint in support of his application.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Summary of Complaint

Plaintiff, who is currently a prisoner at Avenal State Prison, alleges that he received inadequate medical care in violation of the Eighth and Fourteenth Amendments while he was detained at Sutter County Jail from June, 2009 through April, 2010. He names as defendants a physician and nurse at the jail, as well as the county sheriff, the county sheriff's department, the county, and the county jail. See Doc. No. 1 at 2, § III. He seeks injunctive, declaratory, and monetary relief, including "third party damages." See id. at 43-46.

In addition to himself, plaintiff names as an additional plaintiff a minor child. See Doc. No. 1 at 7, ¶ 5. Plaintiff describes the minor as "represented by David Leonard as guardian of said minor, and is a party of interest which has or will suffer damages from injuries and the cause of action herein stated." See id. He also describes the minor as his step-child. See id. at 42, ¶ 148.

Among the damages sought by plaintiff are third party damages, sought on behalf of losses suffered by plaintiff's family and his family businesses (see Doc. No. 1 at 45-46, ¶¶ 12-13). In addition, plaintiff seeks injunctive relief in the form of an order directing defendants, among other things, to provide adequate and timely medical care to all inmates without unnecessary delay. See id. at 43, ¶ 1.

Analysis

Plaintiff cannot bring an action on behalf of a minor child without retaining a lawyer. See Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) (issue of whether a parent can bring a pro se lawsuit on behalf of a minor falls squarely within the ambit of

principles that militate against allowing non-lawyers to represent others in court). In this case, plaintiff is pro se, and accordingly cannot maintain an action on behalf of the minor child.

In addition, plaintiff's request for injunctive relief against defendants, seeking prospective direction on the provision of medical care, is moot, because defendants are no longer responsible for plaintiff's medical care. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995). Because plaintiff is no longer suffering from allegedly inadequate care from defendants, he lacks standing to seek injunctive relief on behalf of others. See City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670 (1983).

Accordingly, any claims made by plaintiff on behalf of the minor child must be dismissed without prejudice. See Johns v. County of San Diego, 114 F.3d at 878. Any claims seeking prospective injunctive relief against defendants must be dismissed for lack of jurisdiction.

Plaintiff may file an amended complaint within 28 days of the filing date of this order. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

1  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
2  longer serves any function in the case.  Therefore, in an amended complaint, as in an original
3  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
4         If the plaintiff chooses not to amend his complaint, the remaining claims will
5  proceed against the remaining defendants only.

Request for Appointment of Counsel

7         Plaintiff requests that the court appoint counsel.  District courts lack authority to
8  require counsel to represent indigent prisoners in section 1983 cases.  <u>Mallard v. United States</u>
9  <u>Dist. Court</u>, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an
10 attorney to voluntarily to represent such a plaintiff.  <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v.</u>
11 <u>Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36
12 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must
13 consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to
14 articulate his claims pro se in light of the complexity of the legal issues involved.  <u>Palmer v.</u>
15 <u>Valdez</u>, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to
16 appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  <u>Id.</u>
17 Circumstances common to most prisoners, such as lack of legal education and limited law library
18 access, do not establish exceptional circumstances that warrant a request for voluntary assistance
19 of counsel.
20        In this case, the grounds identified by plaintiff in support of his application are
21 just those types of factors common to most prisoners, such as his limited access to the law library
22 or the complexity of the discovery required.  Having considered the factors under <u>Palmer</u>, the
23 court finds that plaintiff has failed to meet his burden of demonstrating exceptional
24 circumstances warranting the appointment of counsel at this time.
25 \\\\\
26 \\\\\

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, a completed affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court;

2. The Clerk of the Court is directed to send plaintiff a new Application to Proceed In Forma Pauperis By a Prisoner;

3. Plaintiff shall submit, within thirty days from the date of this order, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint. Plaintiff's failure to submit the completed affidavit and the certified copy of his prison trust account statement will result in a recommendation that this action be dismissed without prejudice;

4. The motion for appointment of counsel (Doc. No. 4) is denied; and

5. All claims raised by plaintiff on behalf of his co-plaintiff minor child are dismissed. Plaintiff's request for injunctive relief is also dismissed. Plaintiff may file an amended complaint within 28 days of the filing date of this order. Failure to file an amended complaint will result in the action proceeding only on the remaining claims.

DATED: July 10, 2012

                     /s/ Gregory G. Hollows
                     UNITED STATES MAGISTRATE JUDGE

ggh:rb
leon0915.B