UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD,<br><br>        Plaintiff,<br><br>   v.<br><br>JIM DENNY, et al.,<br><br>        Defendants. | No. 2:12-cv-0915 AC P<br><br><br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, and former Sutter County prisoner, proceeding pro se and in forma pauperis in this action for relief under 42 U.S.C. § 1983. The court previously dismissed the original complaint with leave to amend, and after plaintiff failed to amend, the court directed service on defendants with respect only to plaintiff's claims that he received inadequate medical care, in violation of the Eighth and Fourteenth Amendments, while detained at the Sutter County Jail from June 2009 through April 2010. Defendants now move to dismiss the entire complaint with prejudice for, among other things, failure to state a claim. In the alternative, defendants ask the court to dismiss the complaint with leave to amend. For the reasons set forth below, the undersigned recommends that the motion to dismiss be granted in part, and denied in part, and that plaintiff be granted leave to amend the complaint.

***Defendants***

Plaintiff alleges that defendant Denney is the Sheriff of Sutter County, and is legally

1

1   responsible for the overall operations of the Sutter County Jail and Sherriff's Department. ECF

2   No. 1 at ¶ 6. Plaintiff alleges that defendant Denney is "responsible for developing,

3   implementing, and monitoring the policies and procedures for the Jail including the medical

4   services delivery, and housing environments of the Jail facility." Id.

5         Plaintiff alleges that defendant Saunders is a medical doctor "legally responsible for the

6   delivery of medical services to inmates housed at the Sutter County Jail, developing and

7   implementing policies and procedures for the delivery of medical services, providing care as a

8   medical care provider for inmates in the custody and care of the Sutter County Jail." ECF No. 1

9   at ¶ 9.

10         Plaintiff alleges that defendant Brown is a nurse practitioner "responsible for providing

11   and implementing medical services (care), scheduling and ordering diagnostics such as x-rays,

12   MRI's, and blood tests, diagnosing and treating medical conditions, and making referrals to

13   specialist care. She is directly responsible for providing medical care, and for the day-to-day

14   operations of the medical services for all inmates." ECF No. 1 at ¶ 10.

15         Plaintiff alleges that defendant Sutter County Sherriff's Department is legally responsible

16   for the operations and maintenance of the facilities known as the Sutter County Jail, including

17   policies and procedures related to jail operations. ECF No. 1 at 11. Plaintiff alleges that

18   defendant Sutter County Sherriff's Department establishes acceptable customs and policies. Id.

19         Plaintiff alleges that defendant County of Sutter is responsible for the construction and

20   maintenance of the Sutter County Jail facilities, including the provision of medical services to the

21   jail through the use of the Sutter County Health Department. ECF No. 1 at ¶ 12. Plaintiff alleges

22   that defendant County of Sutter also establishes policies, procedures, and customs related to

23   health care services provided to inmates at the jail, and is responsible for the "medical Delivery

24   System." Id.

25       *Background*

26         Plaintiff alleges that, during his detention at the Sutter County Jail, he suffered from the

27   following medical conditions: (1) "low back condition or injury," including disc bulges, resulting

28   in, among other things, severe pain and numbness, which plaintiff claims affected his ability to

sleep, walk, stand, lift, bend and exercise (ECF No. 1 at ¶¶ 68-70);  (2) "viral infection right eye," which requires specialist care, and which affects plaintiff's ability to see and to read (id. at ¶ 71); and (3) asthma and allergies, requiring specialist care and treatment (id. at ¶ 72).  Plaintiff alleges that he would be a "qualified individual with a disability" as defined by 42 U.S.C. § 12132, because he has physical impairments that substantially limit one or more major life activities.  ECF No. 1 at ¶¶ 66-67.

Plaintiff alleges that the cooling and ventilation systems at the Sutter County Jail were not properly maintained, resulting in the proliferation of "mold and other contaminants."  Id. at 75.  He alleges that debris, mold and other contaminants were allowed to drop into the ventilation system, and contaminate the inmates' living areas, during the operation and cleaning of the ventilation and cooling systems.  Id. at ¶ 76.  Plaintiff alleges that the contaminants and mold left a visible black coating, and caused plaintiff difficulties with breathing, lightheadedness, and "severe allergic/asthmatic reactions. . . ."  Id. at ¶¶ 78 - 80.  Plaintiff claims that exposure to the contaminants has "created on-going and potential long-term/life-long side-effects."  Id. at ¶ 80.

Plaintiff alleges that defendants Denney, Saunders, and Brown failed to provide plaintiff with adequate medical care, or delayed providing him with adequate care, in compliance with a policy to delay treatment in order to conserve county resources.  ECF No. 1 at ¶¶ 109 – 132.  Plaintiff cites the failure of defendants Denney, Saunders, and Brown to refer him to an orthopedic specialist or refer plaintiff for a MRI until March 2012, more than 10 months after he was first housed at the Sutter County Jail (id. at ¶ 85, 87), as well as the delay of defendants Denney, Saunders, and Brown in referring plaintiff to a specialist for his eye condition, and defendants Denney, Brown and Saunders' failure to follow the treatment plan requested by the eye specialist.  Id. at ¶¶ 89 - 91.

Plaintiff alleges that defendants Denney, Brown, and Saunders were aware of plaintiff's medical conditions, and that defendants Brown and Saunders were specifically on notice of plaintiff's low back condition, as well as his need for treatment, and his continued pain while treatment was delayed.  ECF No. 1 at ¶ 27.

Plaintiff also advised unnamed members of the jail staff, including the "intake staff," of

3

1   all of his then-current conditions.  ECF No. 1 at ¶ 30.  Plaintiff additionally claims that his

2   conditions were obvious.  Id. at ¶ 31.

3        Plaintiff alleges that, as a result of the delay in treatment of his eye condition, he has

4   suffered additional, permanent damage.  ECF No. 1 at ¶ 93.

5        Plaintiff alleges that unnamed medical staff members prescribed his transfer to a lower tier

6   cell, and a thicker mattress, but that an unnamed custody officer refused plaintiff these

7   accommodations.  ECF No. 1 at ¶¶ 49-60.

8        ***The Complaint***

9        In his complaint, plaintiff originally sought injunctive and declaratory relief, as well as

10  compensatory damages, punitive damages, and "third party damages."  In his "Claims for Relief,"

11  plaintiff alleged that defendants were deliberately indifferent to his medical needs, and failed to

12  protect him from harm.  Plaintiff also alleged that defendants Brown and Saunders violated state

13  law by their provision of inadequate care.  Plaintiff further alleged that defendants Denney,

14  Saunders, and Brown were negligent in their provision of care, in violation of state law.

15       In the body of his complaint, plaintiff alleged that an unnamed defendant failed to provide

16  plaintiff with medically ordered accommodations (ECF No. 1 at ¶¶ 48-65), including a thicker

17  mattress (ECF No. 1 at ¶ 50) and a lower-tier cell (¶¶ 60-61).  Plaintiff alleges that defendants

18  Denney, Saunders, and Brown, along with this unnamed officer, failed to provide plaintiff with

19  reasonable accommodations for plaintiff's medical conditions.  ECF No. 1 at ¶ 65.  Plaintiff does

20  not identify in his prayer for relief any remedy he seeks on account of this failure to provide a

21  reasonable accommodation.

22       In his prayer for relief, plaintiff also seeks declaratory relief.  Specifically as to the federal

23  claims, he seeks a declaration that defendants violated plaintiff's Constitutional rights, including

24  deliberate indifference to plaintiff's serious medical needs and plaintiff's Equal Protection rights.

25  ECF No. 1 at 43, ¶ 2.

26       On July 11, 2012, the court dismissed plaintiff's claims for injunctive relief, as well as his

27  claims for third-party damages.  ECF No. 9.  The court additionally dismissed the complaint with

28  leave to amend.  Id.  After plaintiff failed to file an amended complaint, the court ordered that the

4

complaint proceed only on plaintiff's claims that he received inadequate medical care, in violation of the Eighth and Fourteenth Amendments, and directed service of the complaint on the following defendants: Jim Denney; J. Saunders; Dorris Brown; Sutter County Sherriff's Department; and County of Sutter. ECF No. 11.

*The Motion to Dismiss*

Defendants move to dismiss the complaint with prejudice, arguing that: (1) defendants Sutter County Sherriff's Department and Sutter County Jail should be dismissed as superfluous parties; (2) plaintiff fails to allege sufficient facts to state a claim for relief for deliberate indifference to a serious medical need; (3) plaintiff fails to allege sufficient facts to state a claim for relief for supervisory liability against former Sherriff Denney because plaintiff fails to allege that Denney know of and consciously disregarded a serious risk of harm arising out of the ventilation system; (4) plaintiff fails to state a claim for relief against the defendant Sutter County under Monell for claim stemming from discrimination, Equal Protection, or violations of the Americans with Disabilities Act; (5) plaintiff's negligence claims are barred by the statute of limitations; (6) plaintiff failed to allege compliance with the Tort Claims Act; and (7) plaintiff fails to state a statutory basis for state law negligence liability against defendant Sutter County. ECF No. 19-1 at 2.

Plaintiff has filed a lengthy opposition and "supplemental opposition," arguing essentially that his complaint adequately alleges the elements required to defeat a Rule 12(b)(6) motion. Plaintiff also moves for the appointment of counsel, which defendants oppose.

*Standard of Review*

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the pleadings set forth in the complaint. Vega v. JPMorgan Chase Bank, N.A., 654 F.Supp.2d 1104, 1109 (E.D.Cal.2009). Under the "notice pleading" standard of the Federal Rules of Civil Procedure, a plaintiff's complaint must provide, in part, a "short and plain" statement of plaintiff's claims showing entitlement to relief. Fed. R. Civ. P. 8(a)(2); see also Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). "A complaint may survive a motion to dismiss if, taking all well-pleaded factual allegations as true, it contains 'enough facts

5

to state a claim to relief that is plausible on its face.'" Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizin Cmty. Learing Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 556 U.S. at 678). The court accepts all of the facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is "not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint, and [the court does] not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF, Inc., 559 F.3d at 1071 (citations and quotation marks omitted).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007) (citation and quotation marks omitted); see also Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 980 n. 18 (9th Cir. 1999) ("When considering a motion for judgment on the pleadings, [the] court may consider facts that are contained in material of which the court may take judicial notice.") (citation and quotation marks omitted).

*Stating a Claim under 42 U.S.C. § 1983*

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976); Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988). "A person 'subjects' another to

the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citing Sims v. Adams, 537 F.2d 829 (5th Cir. 1976)). The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Id. at 743-44.

When an inmate seeks money damages, as opposed to injunctive relief, the inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See Leer, 844 F.2d at 633; see also OSU Student Alliance v. Ray, 699 F.3d 1053, 1072, n.12 (9th Cir. 2012) ("To state a § 1983 claim against a government defendant, the plaintiff must allege that the defendant acted with sufficient culpability to breach a duty imposed by the relevant provision of federal law.")

The undersigned will address each of defendants' arguments in turn:

*Defendants Sutter County Sherriff's Department and Sutter County Jail Should Not Be Dismissed as Superfluous*

Citing twenty-plus-year old law from the districts of Colorado and Massachusetts, defendants ask this court to dismiss two parties from the action on the allegation that each is a merely a subdivision of defendant County of Sutter, and is consequently superfluous.[1] Defendants provide the court with no evidence to indicate that, for example, either the Sherriff's Department or the Jail are mere subdivisions or departments of the County of Sutter, and therefore are not subject to suit under § 1983. Cf., e.g., Pellum v. Fresno Police Dep't., 2011 WL 350155 *2 (E.D.Cal. Feb. 2, 2011). Indeed, plaintiff has offered to dismiss these parties, so long as such a dismissal would not limit any alleged claims or causes of action (ECF No. 24 at 13-14),

---

[1] A review of the court's records reflects that the Court has not directed service on the Sutter County Jail.

7

1  yet defendants have refused to do so.  See ECF No. 37 at 3.  In light of defendants' failure to
2  establish that they are entitled to this relief, the undersigned recommends that this request be
3  denied.

*Plaintiff Has Adequately Alleged Sufficient Facts to State A Claim for Deliberate Indifference to a Serious Medical Need*

The Ninth Circuit has held that, in order to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."  See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), citing Estelle v. Gamble, 429 U.S. 97, 104 (1976):

> In the Ninth Circuit, the test for deliberate indifference consists of two parts.  McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Id. at 1059 (citing Estelle, 429 U.S. at 104, 97 S.Ct. 285).  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  Id. at 1060.  This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Id.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment...."  Id. at 1059 (quoting Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir. 1988)).  Yet, an 'inadvertent [or negligent] failure to provide adequate medical care' alone does not state a claim under § 1983.  Id. (citing Estelle, 429 U.S. at 105, 97 S.Ct. 285).  A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs.  Id. at 1060.  If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of deliberate indifference.'  Id. (citations omitted).

See Jett, 439 F.3d at 1096.

The Ninth Circuit has recognized that a delay in treatment may state a claim under 42 U.S.C. § 1983; however, the delay must result in further harm to the inmate.  See, e.g., Jett, 439 F.3d at 1097 (inmate presented sufficient information to present a genuine issue of material fact where inmate had fractured his thumb yet did not see a hand specialist, as recommended by other treating doctors, for more than nineteen months after the initial injury, in which time the fracture

1  had healed badly, resulting in continuing diminished use of the hand); Hunt v. Dental Dept., 865

2  F.2d 198, 200 (9th Cir. 1989); Shapely v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404,

3  407 (9th Cir. 1985) ("[M]ere delay of surgery, without more, is insufficient to state a claim of

4  deliberate medical indifference. . . . [Prisoner] would have no claim for deliberate medical

5  indifference unless the denial was harmful.")  Cf. McGuckin v. Smith, 974 F.2d 1050, 1061 (9th

6  Cir. 1992) ("unnecessary continuation of [plaintiff's] condition and pain caused him 'harm' upon

7  which a § 1983 claim can be based. . . ." when inmate waited more than three and half years after

8  an injury causing  massive herniation of plaintiff's back and upper torso before receiving the

9  surgery required to correct his condition.), overruled on other grounds by WMX Techs., Inc. v.

10 Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

11       In this case, plaintiff has alleged that defendants Denney, Brown, and Saunders were

12 aware of plaintiff's medical conditions, and either delayed treatment, or provided inadequate

13 treatment, resulting in further damage to plaintiff's eye, further aggravation of his respiratory

14 conditions, and pain and suffering.  This is sufficient.  Defendants' current arguments go to the

15 weight of plaintiff's allegations, a question to be decided after plaintiff has had an opportunity to

16 take discovery and to offer proof.  The undersigned accordingly recommends that defendants'

17 motion to dismiss be denied as to plaintiff's deliberate indifference claims.

18       *Plaintiff Alleges Sufficient Facts to State a Claim for Relief for Supervisory Liability*
19       *Against Defendant Denney*

20       Supervisory personnel are generally not liable under § 1983 for the actions of their

21 employees under a theory of respondeat superior and, therefore, when a named defendant holds a

22 supervisorial position, the causal link between him and the claimed constitutional violation must

23 be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

24 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and

25 conclusory allegations concerning the involvement of official personnel in civil rights violations

26 are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

27       The Ninth Circuit has held that a supervisor may be liable

28            if there exists either (1) his or her personal involvement in the

9

> constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."

Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations and quotations omitted).

The Ninth Circuit has recently clarified the parameters of supervisor liability in the wake of Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011):

> Iqbal makes crystal clear that constitutional tort claims against supervisory defendants turn on the requirements of the particular claim – and, more specifically, on the state of mind required by the particular claim – not on a generally applicable concept of supervisory liability.... [B]ecause Eighth Amendment claims for cruel and unusual punishment generally require only deliberate indifference (not specific intent), a Sheriff is liable for prisoner abuse perpetrated by his subordinates if he knowingly turns a blind eye to the abuse. See [Starr v. Baca, 652 F.3d] at 1205. The Sheriff need not act with the purpose that the prisoner be abused. See id. at 1206-07 ("A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement – and the liability – of that supervisor.") Put simply, constitutional tort liability after Iqbal depends primarily on the requisite mental state for the violation alleged.

OSU Student Alliance v. Ray, 699 F.3d at 1071.

Defendants argue that plaintiff has failed to allege that defendant Denney was "directly involved" in plaintiff's medical treatment, and that the motion should be granted on that basis alone. As noted in the above-cited cases, however, a supervisor may be liable even without direct participation where the supervisor implements an unconstitutional policy, or where he turns a blind eye to unconstitutional abuse.

In this case, construing plaintiff's complaint liberally and in light of the governing law, the undersigned finds that plaintiff has alleged: (1) a policy of delaying referrals for specialist medical care to jail detainees in order to shift costs to the State (ECF No. 1 at ¶¶ 109-116); and (2) a failure by defendant Denney to oversee the delivery of health services, as well as maintenance of the ventilation and cooling systems, resulting in continued exposure to mold and other contaminants (ECF No. 1 at ¶¶ 74-82, 122). This is sufficient. Again, defendants'

1 arguments go to the weight of plaintiff's allegations. As noted above, defendants' arguments are
2 more appropriately raised after plaintiff has had an opportunity to take discovery, and to present
3 his proof. The undersigned accordingly recommends that defendants' motion be denied as to
4 plaintiff's claims against defendant Denney.

*Plaintiff Has Alleged a Sufficient Monell Claim Against the County*

6 Defendants argue that plaintiff has failed to state an adequate claim against the County
7 because plaintiff's "policy" allegations are too conclusory, and are also insufficient as a matter of
8 law, because, among other things, plaintiff fails to allege that: (1) the alleged delays in referring
9 plaintiff to a specialist are "official edicts of the COUNTY or that medical staff was acting in
10 accordance therewith. . . ." (ECF No. 19 at 9); and (2) defendant DENNEY knew of the alleged
11 delays and ratified them in his official capacity on behalf of the COUNTY." Id.

12 However, the policy at issue need not be an "official edict," nor does plaintiff have to
13 allege that the Sherriff ratified an unconstitutional policy on behalf of the County. Instead,
14 official municipal policy includes the decisions of a government's lawmakers, the acts of its
15 policymaking officials, and practices so persistent and widespread as to practically have the force
16 of law. Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (plaintiffs who seek to impose
17 liability on local governments under § 1983 must prove that "action pursuant to municipal policy"
18 caused the plaintiffs' injury).

19 In this case, plaintiff has adequately alleged that the Sherriff was one whose acts may
20 fairly be said to represent official policy. See, e.g., ECF No. 1 at ¶ 6 (defendant "is legally
21 responsible for the overall operations of the Sutter County Jail, and the Sutter County Sherriff's
22 Department. This defendant is responsible for developing, implementing, and monitoring the
23 policies and procedures for the Jail including medical services delivery and housing
24 environments. . . .") At this stage in the proceeding, plaintiff's allegations are sufficient. The
25 undersigned accordingly recommends that defendants' motion be denied as to plaintiff's Monell
26 claims against the County.

*Plaintiff Has Not Alleged a Sufficient ADA Claim against the County*

28 Plaintiff alleges that defendant John Doe 2 refused to provide accommodations ordered by

11

medical staff. ECF No. 1, ¶¶ 48-64. Plaintiff alleges that defendants Denney, Brown, and Saunders, as well as this unnamed defendant, failed to provide plaintiff with "Reasonable Accommodations for the plaintiff's medical conditions, restrictions, limitations, and disabilities." Id. at ¶ 65.

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971, 118 S.Ct. 423 (1997). To state a claim under Title II, the plaintiff must allege facts to support all four elements of a violation: 1) the plaintiff is an individual with a disability; 2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; 3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and 4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Weinrich, 114 F.3d at 978.

If plaintiff seeks to make a claim under the ADA, he may bring a claim pursuant to Title II of the ADA against state entities for injunctive relief and damages. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791, 792 (9th Cir. 2004), cert. denied, 546 U.S. 1137 (2006); Lovell v. Chandler, 303 F.3d 1039, 1051 (9th Cir. 2002), cert. denied, 537 U.S. 1105 (2003). A plaintiff cannot seek damages pursuant to the ADA against the defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002), cert. denied, 537 U.S. 1190 (2003), citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001). To the extent a plaintiff makes claims of violations of the ADA against any individual defendant, such claims may proceed only to the extent that plaintiff seeks injunctive relief and has sued such individual defendant in an official capacity. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003); Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002), cert. denied, 538 U.S. 921 (2003).

In this case, plaintiff alleges that individual defendants Denney, Saunders, and Brown, as well as the unnamed officer Does 2, refused him a reasonable accommodation. In describing the violation, plaintiff alleges that the unnamed officer was responsible for providing the

12

1 accommodations, yet failed to do so – it is accordingly unclear from the face of the complaint
2 how, if at all, defendants Denney, Saunders, and Brown, in their individual capacities, violated
3 plaintiff's ADA rights.
4     In any event, such claims would not lie for money damages, and the court has already
5 determined that plaintiff's requests for injunctive relief are moot. To the extent plaintiff raises an
6 ADA claim, it was previously dismissed with leave to amend, and, to date, plaintiff has not
7 amended. The undersigned accordingly recommends that defendants' motion to dismiss
8 plaintiff's ADA claim against Sutter County be granted, and that plaintiff be granted leave to
9 amend.

10     *Plaintiff Has Not Alleged a Colorable Equal Protection Claim*
11     As noted above, plaintiff does not appear to make any explicit allegation of discrimination
12 in violation of his Fourteenth Amendment rights, yet he does appear to seek remedies on account
13 of such a violation. To the extent plaintiff raises such a claim, it was previously dismissed with
14 leave to amend and, to date, has not been amended. Accordingly, the undersigned recommends
15 that defendants' motion to dismiss be granted as to plaintiff's discrimination claims against the
16 County, and that plaintiff be granted leave to amend.

17     *Plaintiff's State Law Negligence Claims May Be Barred by the Statute of Limitations*
18     Defendants' argument that plaintiff's negligence claim should be barred as untimely
19 because plaintiff has failed to allege explicitly the appropriate facts supporting plaintiff's
20 entitlement to tolling under California Code of Civil Procedure 335.2. The undersigned
21 accordingly recommends that defendants' motion to dismiss be granted as to plaintiff's state law
22 negligence claims, and that plaintiff be granted leave to amend.

23     *Plaintiff Has Failed to Allege Compliance with the Tort Claims Act*
24     According to defendants, plaintiff has failed to *allege* that he complied with the Tort
25 Claims Act, and therefore may not bring any state-law-based claims. In his opposition, plaintiff
26 argues that he has complied with the state Tort Claims Act. ECF No. 24-1 at 38.
27     The opposition, however, is not the operative complaint, and the failure of plaintiff to
28 allege compliance is grounds for dismissal. See, e.g., Mangold v. California Public Utilities

Com'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  The undersigned accordingly recommends that defendants' motion to dismiss be granted as to plaintiff's state law claims, and that plaintiff be granted leave to amend.

> *Plaintiff Has Failed to Allege a Statutory Basis for the County's Professional Negligence Liability*

Defendants argue that defendant County of Sutter must be dismissed because plaintiff has failed to identify the statutory source of the county's liability for professional negligence.  In his opposition, plaintiff cites to various state statutes and cases in support of liability.  The undersigned accordingly recommends that defendants' motion to dismiss be granted as to plaintiff's claims for professional negligence against the County, and that plaintiff be given leave to amend.

> ***Motion for Appointment of Counsel***

Plaintiff has requested the appointment of counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

In the present case, the court does not find the required exceptional circumstances.  For example, while plaintiff appears to allege that he suffers from medical disabilities which prevent him from utilizing the legal resources available at his institution (ECF No. 25 at 6), the court notes that plaintiff has filed lengthy and substantial oppositions to the motion to dismiss,[2] as well as a lengthy motion for appointment of counsel, all of which include numerous citations to legal authority.  Plaintiff's request for the appointment of counsel will therefore be denied.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion for permission to file an oversize opposition (ECF No. 23) is

---

[2] Indeed, one of the motions currently pending before the court is made by plaintiff seeking permission to file an oversized opposition.  ECF No. 23.

granted;

2. Plaintiff's motion for appointment of counsel (ECF No. 25) is denied; and

3. The Clerk assign a district judge to this matter.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 19) be granted in part and denied in part, as outlined above, and that plaintiff be given leave to amend the complaint within 28 days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. ' 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/leon0915.fr