UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD,  <br>           Plaintiff,  <br>      v.  <br>JIM DENNY, et al.,  <br>           Defendants. | No. 2:12-cv-00915-TLN-AC-P  <br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's seriatim requests for blank subpoena duces tecum forms. ECF Nos. 49, 52, 59. His cursory motions cite to Rule 45(a)(3) of the Federal Rules of Civil Procedure without any explanation as to what documents he seeks and from what non-party he seeks them from. Id. In fact, it is not even clear to the court how many blank subpoena duces tecum forms plaintiff is requesting. Compare ECF No. 59 (requesting five forms) with ECF No. 49 (requesting eight forms).

    A review of this court's docket indicates that such a request is premature. Plaintiff has filed a first amended civil rights complaint which the court has yet to screen. See ECF No. 58. Therefore, it has not yet been determined who are proper parties to this action. Moreover, since defendants have not filed an answer to his civil rights complaint, no discovery and scheduling order has been entered by the court setting the deadlines by which discovery shall proceed. To

1 the extent that plaintiff may be seeking to obtain records from named parties to this civil action,
2 he is advised that such a request may be pursued once discovery commences pursuant to Rule 34
3 of the Federal Rules of Civil Procedure.  See Contardo v. Merrill Lynch, Pierce, Fenner & Smith,
4 119 F.R.D. 622, 624 (D. Mass. 1988) (for purposes of discovery, Rule 34 is directed at parties
5 and Rule 45 is directed at non-parties); Swartout v. LaNore, P.A., 2009 WL 1770540 (W.D.
6 Mich. 2009) (same); 9A Wright and Miller: Federal Practice and Procedure section 2452 (1995)
7 (stating that "Rule 45 has a close relation to the proper functioning of the discovery rules. Most
8 notably, a subpoena is necessary to compel someone who is not a party to appear for the taking of
9 the deposition.").  A person not a party to any civil action may be compelled to produce
10 documents and things or to submit to an inspection as provided in Rule 45 of the Federal Rules of
11 Civil Procedure.
12     Should plaintiff choose to renew his request for blank subpoena forms, he is advised that
13 the request must be specific enough to determine what plaintiff seeks.  The request cannot be a
14 broadly stated request that amounts to a fishing expedition.  Furthermore, he will be responsible
15 for serving the subpoena(s) through the United States Marshall Service and paying any cost
16 associated therewith, coordinating the production of the documents, and paying any copying costs
17 that might apply.
18     Additionally, plaintiff is advised against filing seriatim and repetitious motions without
19 first providing the court an opportunity to rule.  An absence of a response to a pending motion
20 from the court should not be interpreted as an invitation to file repetitious motions.  The absence
21 of a prompt response from the court is merely indicative of this court's over-burdened docket.
22     Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for blank subpoena
23 duces tecum forms (ECF Nos. 49, 52, 59) are denied without prejudice based on plaintiff's lack of
24 specificity as well as the fact that the requests are premature.
25 DATED: March 17, 2014
26
            _____
            ALLISON CLAIRE
27          UNITED STATES MAGISTRATE JUDGE
28