1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID G. LEONARD,                         No.  2:12-cv-00915 TLN AC P

12                 Plaintiff,

13        v.                                   ORDER

14   JIM DENNY, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner, and former Sutter County prisoner, proceeding pro se and in

18   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 17, 2013,

19   the district judge adopted the undersigned's findings and recommendations filed August 1, 2013,

20   granting defendants' motion to dismiss, in part, and giving plaintiff leave to amend his complaint.

21   See ECF No. 50.

22        Currently pending before the court are plaintiff's motions for leave to file an amended

23   complaint, a proposed first amended complaint, and a motion for leave to file an oversized

24   amended complaint.  See ECF Nos. 51, 56, 57, 58.  Defendants filed an opposition to plaintiff's

25   first motion for leave to file an amended complaint.  ECF No. 55.  The court will address each

26   motion in turn.

27   I.   Motions for Leave to File an Amended Complaint

28        In motions filed on January 6, 2014 and February 24, 2014, plaintiff requested leave of

1

1    court to amend his complaint to add a party identified as a successor in interest and to allege the

2    true names and capacities of the parties.  ECF Nos. 51, 57.  Plaintiff also requested leave to add

3    supporting facts and allegations pertaining to the parties.  Id.

4        Defendants objected to plaintiff's first motion on the basis that he did not file a proposed

5    amended complaint.  See ECF No. 55 at 1.  However, that deficiency was corrected by plaintiff

6    on February 24, 2014 when he filed a proposed first amended complaint along with another

7    motion for leave to amend.  ECF No. 57, 58.  Since this court's order of December 17, 2013

8    specifically granted plaintiff leave to amend his dismissed claims and because leave to amend

9    shall be freely given when justice so requires, plaintiff's motions will be granted.  See Fed. R.

10   Civ. P. 15(a)(2).

11   II.     Motion for Leave to File an Oversized Amended Complaint

12        Contemporaneously with filing the proposed first amended complaint, plaintiff filed a

13   motion for leave of court to file an oversized complaint.  ECF No. 56.  The proposed first

14   amended complaint consists of 171 handwritten pages.  In his motion, plaintiff indicates that he

15   filed an oversized complaint due to the complexity of the case and the issues raised, the lack of a

16   typewriter, and the necessity of including all of the relevant facts and allegations.  Id.

17        Rule 8 of the Federal Rules of Civil Procedure requires plaintiff to include "a short and

18   plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

19   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice

20   and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733

21   F.2d 646, 649 (9th Cir. 1984).  The first amended complaint spends over fifteen pages describing

22   the parties to this action and contains a four page long prayer for relief.  Plaintiff has not even

23   attempted to conform the first amended complaint to Rule 8's requirement.  For this reason, the

24   court has determined that the first amended complaint does not contain a short and plain

25   statement as required by Fed. R. Civ. P. 8(a)(2).[1]  Therefore, the court will deny plaintiff's motion

26

27   _____

[1] Plaintiff's original complaint was forty five pages in length.  This court's order granting
defendant's motion to dismiss, in part, with leave to amend in no way justifies an expansion of

28   the complaint by one hundred and twenty five pages.

1   for leave to file an oversized brief.  ECF No. 56.

2   III.    Screening Requirement

3          The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

10  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15         A complaint must contain more than a "formulaic recitation of the elements of a cause of

16  action;" it must contain factual allegations sufficient to "raise a right to relief above the

17  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must

18  contain something more ... than ... a statement of facts that merely creates a suspicion [of] a

19  legally cognizable right of action."  Id.  (quoting 5 C. Wright & A. Miller, Federal Practice and

20  Procedure 1216, pp. 235–235 (3d ed. 2004)).  "[A] complaint must contain sufficient factual

21  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal,

22  556 U.S. 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when

23  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

24  defendant is liable for the misconduct alleged."  Id.

25         In reviewing a complaint under this standard, the court must accept as true the allegations

26  of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

27  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

28  the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1  IV.    Allegations in the First Amended Complaint

2          In his first amended complaint, plaintiff alleges that while he was an inmate at the Sutter

3  County Jail from June 2009 until April 2010, he failed to receive timely and appropriate medical

4  care from Defendants Saunders and Brown for the following conditions: (1) "a serious and

5  extremely painful low back condition; (2) a serious viral infection in his right eye; (3) a serious

6  and potentially life-threatening allergy to mold, and [a] history of severe allergies (multiple

7  reactants); and (4) a history of asthma and respiratory conditions."  ECF No. 58 at 63, 73-80.

8          As the "policy makers" for the jail, plaintiff alleges that Defendants Parker, Bidwell, John

9  Doe No. 1, Saunders, Brown, the Sutter County Sheriff's Department, the Sutter County Jail, and

10  the County of Sutter were all "aware of a continuing pattern of culpable failures of staff

11  pertaining to timely referrals to specialty care when needed and inadequate medical care…."

12  ECF No. 58 at 61.  Defendants failed to take any action to remedy these deficiencies in order to

13  shift the costs of plaintiff's medical care to the state by awaiting his transfer to the California

14  Department of Corrections and Rehabilitation ("CDCR"), where plaintiff is now housed.  These

15  policy makers along with Defendant Denney "created, implemented, or allowed policies,

16  procedures, practices, and customs which delayed or denied treatment" to plaintiff.  Id.  As a

17  result, he suffered permanent and serious injuries.  Id. at 62, 70.

18          Plaintiff also alleges that the cooling and ventilation systems at the Sutter County Jail

19  were not properly maintained, resulting in the proliferation of "mold and other contaminants."  Id.

20  at 92-95.  He alleges that debris, mold and other contaminants were allowed to drop into the

21  ventilation system, and contaminate the inmates' living areas, during the operation and cleaning

22  of the ventilation and cooling systems.  Id.  Plaintiff alleges that the contaminants and mold left a

23  visible black coating, and caused plaintiff difficulties with breathing, lightheadedness, and severe

24  allergic/asthmatic reactions.  Id.  Plaintiff claims that exposure to the contaminants has resulted in

25  ongoing and potential life-long side-effects.  Id.

26  V.    Discussion

27          Plaintiff's claim of deliberate indifference to serious medical needs as well as the Monell

28  claim against Defendant Denney and the County were previously presented in the original

4

1   complaint and survived defendants' motion to dismiss. ECF No. 50.  Therefore, they have already

2   been found colorable.  With respect to the state law claims for medical malpractice, professional

3   negligence, general negligence, and personal injury, plaintiff's first amended complaint has

4   corrected the deficiencies identified in this court's Findings and Recommendations of August 1,

5   2013.  ECF No. 41.  The first amended complaint also adds two named defendants:  J. Paul

6   Parker, who plaintiff identifies as the successor to Sheriff Denney, and Officer Bidwell, who was

7   identified as John Doe No. 1 in the original complaint.  The court finds that plaintiff has stated

8   colorable claims against Defendant Bidwell based on deliberate indifference to serious medical

9   needs as well as state law claims of general negligence and personal injury.  Plaintiff has also

10  specifically alleged a claim against Defendant J. Paul Parker pursuant to Monell.

11          However, the court will not order service of the 171 page first amended complaint in light

12  of plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure.[2]  This rule

13  "requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims

14  as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)."  See McHenry v.

15  Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).  This Court recognizes and honors the directive of the

16  Supreme Court in Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) that calls for a

17  generous reading of pro se efforts.  However, the plaintiff cannot fairly thrust onto this Court the

18  burden of carving his mountainous effort down to a reasonable size.  It is plaintiff's responsibility

19  to do the best that he can to conform to the general standards that are applicable to all litigants

20  and provide the Court and the defendants with a short and plain statement of his claims for relief.

21          Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give

22  the opposing party fair notice of a claim.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule

23  8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at

24  trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim

25  is and the grounds upon which it rests."  Id. at 47.  Despite the inclusion of colorable claims for

26

27  _____

28  [2] Despite being granted in forma pauperis status, all costs associated with photocopying the
    requisite number of service copies of the complaint would fall on plaintiff.

1  relief, this court is unable to discern which defendant(s) violated the ADA and the RA.[3]  See ECF

2  No. 58 at 149-152.  Requiring service of a complaint that does not provide adequate notice is a

3  futile act.  Therefore, the court will dismiss the first amended complaint and grant plaintiff leave

4  to amend in order to comply with Rule 8's requirement of a short and plain statement.  Fed. R.

5  Civ. P. 8(a)(2).

6       In order to assist plaintiff in complying with this order to amend, the court notes that

7  plaintiff's first amended complaint fails to state a plausible claim for a violation of plaintiff's

8  equal protection rights under 42 U.S.C. § 1983.  Plaintiff fails to plead any facts suggesting that

9  any of the defendants acted with an intent or purpose to discriminate against plaintiff based on his

10  membership in a protected class.  Thornton v. City of St. Helens, 425 F.3d 1158, 1166–67 (9th

11  Cir. 2005).  Even liberally construed, the first amended complaint merely suggests in a

12  conclusory fashion that the defendants granted some disabled inmates accommodations, but did

13  not provide plaintiff's requested accommodations.  A court cannot "accept as true allegations that

14  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  Sprewell v.

15  Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see also Doe I v. Wal–Mart Stores,

16  Inc., 572 F.3d 677, 683 (9th Cir.2009) ("Plaintiffs' general statement that Wal–Mart exercised

17  control over their day-to-day employment is a conclusion, not a factual allegation stated with any

18  specificity.  We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to

19  dismiss.").  Plaintiff has failed to transform his ADA claim into a separate claim for relief under

20  the Equal Protection Clause.

21       To the extent that the first amended complaint alleges a separate claim based on

22  defendants' failure to protect plaintiff from exposure to unsafe and hazardous contaminants in the

23  jail's ventilation system, plaintiff is advised that this theory of liability is no different from the

24  _____

25  [3] To state a claim under the Rehabilitation Act, plaintiff must show that: "(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the

26  benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance."  Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).  Title II

27  of the ADA was modeled after the Rehabilitation Act itself.  Id.  Therefore, the elements of the ADA and RA claim are functionally the same.  For that reason, the ADA and RA claims are

28  addressed together.

1    Eighth Amendment standard for deliberate indifference to a substantial risk of harm to an

2    inmate.[4]  See Farmer v. Brennan, 511 U.S. 825, 828 (1994).  A prison official will be liable only

3    if "the official knows of and disregards an excessive risk to inmate health and safety; the official

4    must both be aware of facts from which the inference could be drawn that a substantial risk of

5    serious harm exists, and he must also draw the inference."  Id. at 837.  Therefore, the court's

6    screening orders referencing an Eighth Amendment claim subsume the allegations involving a

7    deficient ventilation system.

8    VI.    Leave to Amend

9           If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

10   the conditions complained of have resulted in a deprivation of plaintiff's federal constitutional or

11   statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended

12   complaint must allege in specific terms how each named defendant is involved.  There can be no

13   liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

14   defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v.

15   Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

16   1978).  Furthermore, vague and conclusory allegations of official participation in civil rights

17   violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

18          Additionally, plaintiff is informed that the court cannot refer to a prior pleading in order to

19   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

20   complaint be complete in itself without reference to any prior pleading.  This is because, as a

21   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

22   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the original

23   pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as

24   in an original complaint, each claim and the involvement of each defendant must be sufficiently

---

25   [4] A traditional "failure to protect" claim within the § 1983 context is normally based on a prison
26   official's failure to protect prisoners from violence at the hands of other prisoners.  See Whitley v.
     Albers, 475 U.S. 312, 320 (1986).  Prison officials must ensure not only the safety of the prison
27   staff, administrative personnel and visitors, but also are obliged "to take reasonable measures to
     guarantee the safety of the inmates themselves."  Whitley, 475 U.S. at 320 (quoting Hudson v.
28   Palmer, 468 U.S. 517, 526-527 (1984)).

1  alleged.

2         In order to comply with Rule 8's short and plain statement requirement, plaintiff is

3  advised to eliminate the sections entitled "Introduction, Description of Parties, Legal Standards,

4  Notice as Sheriff, Responsible Parties and Policy Makers, Deficiencies and Omissions, and

5  Combined Claims Basis" included in his first amended complaint because they are redundant or

6  unnecessary.  Plaintiff should list each claim for relief, then each defendant and provide a **brief**

7  statement of facts consisting of two or three sentences that demonstrate the violation of his rights.

8  Additionally, plaintiff is strongly encouraged to use the form § 1983 complaint utilized in this

9  district to **briefly** state his claims for relief in the space provided.

10        Accordingly, IT IS ORDERED that:

11        1.  Plaintiff's motion for a thirty day extension of time to file a first amended complaint

12  (ECF No. 54) is granted;

13        2.  Plaintiff's first amended complaint (ECF No. 58) is deemed timely filed;

14        3.  Plaintiff's motions for leave to file a first amended complaint (ECF Nos. 51, 57) are

15  granted;

16        4.  Plaintiff's motion for leave to file an oversized amended complaint (ECF No. 56) is

17  denied;

18        5.  The first amended complaint (ECF No. 58) is dismissed with leave to amend for failure

19  to comply with Rule 8 of the Federal Rules of Civil Procedure;

20        6.  Plaintiff is granted thirty days from the date of this Order to file a second amended

21  complaint which is limited to **45 pages in length** and complies with this order and Rule 8;

22        7.  The Clerk's Office shall send plaintiff a civil rights complaint form; and,

23        8.  The second amended complaint must bear the docket number assigned this case and

24  must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of

25  ////

26  ////

27  ////

28  ////

1  the second amended complaint; and the failure to file a second amended complaint in accordance

2  with this order will result in a recommendation that this action be dismissed.

3  DATED: April 22, 2014

4

5  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28