UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD,<br><br>     Plaintiff,<br><br>  v.<br><br>JIM DENNY, et al.,<br><br>     Defendants. | No.  2:12-cv-0915 TLN AC P<br><br><br>ORDER |

Plaintiff is a state prisoner, and former Sutter County Jail prisoner, proceeding pro se and in forma pauperis in this action for relief under 42 U.S.C. § 1983.  Currently before the court are defendants' motion to dismiss (ECF No. 67) and plaintiff's motion for sanctions (ECF No. 71).

Plaintiff filed his second amended complaint on September 18, 2014.  ECF No. 66. Before the court could screen the complaint, defendants filed a motion to dismiss on October 6, 2014.  ECF No. 67.  On November 18, 2014, defendants filed a declaration of service indicating re-service of the motion to dismiss, but offering no explanation as to why re-service was necessary.  ECF No. 68.  On November 21, 2014, the court filed an order noting that plaintiff had yet to file an opposition to the motion to dismiss and that if he did not do so within thirty days such failure would be deemed consent to having the motion to dismiss granted.  ECF No. 69.  On December 17, 2014, plaintiff sought an extension of time to file an opposition to defendants' motion to dismiss (ECF No. 70) and a motion for sanctions and opposition to the motion to

1

1  dismiss (ECF No. 71).  The motion for sanctions and opposition requested that the court deny the
2  motion to dismiss as sanctions for defendants' failure to timely serve plaintiff and alternatively
3  requested an additional thirty days to respond to the motion.  Id. at 4.
4        On December 23, 2014, defendants filed a notice of non-opposition to plaintiff's motion
5  for extension (ECF No. 72) and an opposition to plaintiff's motion for sanctions (ECF No. 73).
6  Defendants stated that they served plaintiff with the motion to dismiss on October 6, 2014, but
7  that it was returned as undeliverable on November 17, 2014.  Id. at 2.  Defendants assert that until
8  the motion was returned, they were unaware that plaintiff had not received it; they re-served it
9  immediately on November 18, 2014, and filed an amended proof of service with the court.  Id. at
10  2-3.  On January 5, 2015, the court granted plaintiff's motion for extension and deemed his
11  opposition (ECF No. 71) timely filed.  ECF No. 74.
12        Pursuant to the Prison Litigation Reform Act, the court is required to screen complaints
13  brought by prisoners seeking relief against a governmental entity or officer or employee of a
14  governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's second amended complaint has yet to be
15  screened and defendants' motion to dismiss is therefore premature.  The court will therefore deny
16  the motion to dismiss as premature and screen the second amended complaint.[1]  For these
17  reasons, the court will also deny plaintiff's request that all facts set forth in the second amended
18  complaint be deemed admitted because defendants' did not timely respond to the complaint.  ECF
19  No. 71 at 4-5.  Upon screening of the second amended complaint, defendants will be directed to
20  respond to the complaint as appropriate.
21        Plaintiff has also moved for sanctions on the grounds that defendants' failed to serve a
22  copy of the motion to dismiss on him when it was filed on October 6, 2014, and that they did not
23  serve him with the motion to dismiss until November 18, 2014.  Id. at 2.  Though defendants'
24  indicate in their opposition to the motion for sanctions that the motion to dismiss was initially
25  served on plaintiff at his address at the California Institution for Men (ECF No. 73 at 2), the

---

[1] The court also notes that while plaintiff did oppose the motion on the grounds that it was not timely served on him, he has yet to oppose the motion on its merits.  It appears that this failure is likely due to the service error on defendants' part and the court misconstruing the opposition on the basis of untimely service as a complete opposition to the motion to dismiss.

1  certificate of service attached to the motion to dismiss indicates that it was mailed to plaintiff at
2  Avenal State Prison (ECF No. 67 at 14), plaintiff's previous address (ECF No. 42).  It appears to
3  the court that defendants' may have inadvertently used an old certificate of service and initially
4  served the motion at the wrong address.[2]

      Though defendants did re-serve the motion immediately upon discovering that plaintiff had not received it, and filed a notice of re-service with the court, defendants are advised that simply filing such a notice without explanation deprives the court of necessary information about case status.  Defendants' notice of re-service failed to alert the court to an error in service that required plaintiff be given additional time to respond.  This failure resulted in a court order, issued two days later, warning plaintiff that he had not opposed the motion and that if he continued to fail to do so he would be deemed as having consented to the motion being granted.  ECF No. 69.  This order demonstrated the court's ignorance of the fact that plaintiff had not timely received the motion.

      Defendants are cautioned that in the future they should be more conscientious both in ensuring they are serving plaintiff at the proper location and in providing proper notification to the court when such errors occur.  However, the court does not find that defendants were acting in bad faith, and in light of the court's dismissal of the motion to dismiss as premature, plaintiff's motion for sanctions will be denied.

      Accordingly, IT IS HEREBY ORDERED that:

      1. Defendants' motion to dismiss (ECF No. 67) is denied without prejudice because it is premature.

      2. Plaintiff's motion for sanctions (ECF No. 71) is denied.

DATED: September 21, 2015

                                                   _/s/ Allison Claire_
                                                   ALLISON CLAIRE
                                                   UNITED STATES MAGISTRATE JUDGE

---

[2] The motion to dismiss the second amended complaint (ECF No. 67) contains some of the same arguments as defendants' motion to dismiss the original complaint (ECF No. 19), which was served when plaintiff was housed at Avenal State Prison (id. at 13; ECF No. 1).