1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID G. LEONARD,                         No.  2:12-cv-0915 TLN AC P

12              Plaintiff,

13       v.                                    FINDINGS & RECOMMENDATIONS

14   JIM DENNY, et al.,

15              Defendants.

16

17       Plaintiff is a state prisoner, and former Sutter County prisoner, proceeding pro se with a

18   civil rights action pursuant to 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act

19   (ADA), 42 U.S.C. §§ 12131-12134; Section 504 of the Rehabilitation Act (RA) of 1973; and state

20   tort claims.  Currently before the court is plaintiff's second amended complaint.  ECF No. 66.

21       I.       Statutory Screening of Prisoner Complaints

22       The court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

27       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless.") (citation and internal quotations omitted)), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Franklin, 745 F.2d at 1227.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Bell Atl. Corp., 550 U.S. at 556).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

////

2

1        II.        Second Amended Complaint

2              The second amended complaint is prefaced by a lengthy statement of facts.  ECF No. 66-2

3    at 3-25.  According to the statement of facts, plaintiff was incarcerated at the Sutter County Jail

4    from approximately June 18, 2009, through April 5, 2010.  Id. at 5, ¶ 15.  Following his statement

5    of facts, plaintiff proceeds to separate his second amended complaint into five separate counts

6    against defendants Parker, Bidwell, Saunders, Brown, Sutter County Sheriff's Department, Sutter

7    County Jail, Sutter County, and Denny.  ECF No. 66 at 2; ECF No. 66-2 at 25-45.  Plaintiff also

8    lists a John Doe defendant (hereinafter defendant Doe), who he identifies as the supervising

9    custody officer at the jail.  ECF No. 66 at 2; ECF No. 66-2 at 16, ¶ 73.  The complaint includes

10   Eighth Amendment claims for deliberate indifference and failure to protect, a Fourteenth

11   Amendment equal protection claim, state tort claims, and claims under the ADA and RA.  ECF

12   No. 66-2 at 25-45.

13             In Count I, plaintiff alleges that all defendants violated his rights under the Eighth

14   Amendment[1] because they were deliberately indifferent to his serious medical needs.  Id. at 25-

15   32, ¶¶ 117-147.  He claims that all defendants created a policy and practice of limiting, delaying,

16   and denying medical care for budgetary reasons despite knowing such policy would create a

17   substantial risk of harm.  Id. at 3, 25-27, ¶¶ 1-4, 118-119, 122, 128-129.  He identifies defendants

18   Parker, Bidwell, Doe, Saunders, Brown, Sutter County Sheriff's Department, Sutter County Jail,

19   and Sutter County as "policymakers" and alleges that these "policymakers" were aware that he

20   suffered from "(1) a serious and extremely painful low back condition, (2) a serious viral

21   infection in his right eye, (3) a serious and potentially life-threatening allergy to mold, and history

22   _____

[1]   It is not clear from the complaint whether plaintiff was a pretrial detainee or whether he had
23   already been convicted at the time he was housed at the jail.  If plaintiff was a pretrial detainee,
     his claims regarding medical care and failure to protect would arise out of the Fourteenth
24   Amendment rather than the Eighth Amendment.  However, "the 'deliberate indifference' test is
     the same for pretrial detainees and for convicted prisoners."  Castro v. County of Los Angeles,
25   797 F.3d 654, 664-65 (9th Cir. 2015) (finding test is the same, but acknowledging that Kingsley
     v. Hendrickson, 135 S. Ct. 2466 (2015), may establish a different standard for pretrial detainees
26   in excessive use of force cases).  Because the standards are the same and plaintiff refers to his
     claims as being brought under the Eighth Amendment, the court will also do so for the time
27   being.

28

3

of severe allergies (multiple reactants), and (4) a history of asthma and respiratory conditions" while incarcerated at the jail.  Id. at 3-4, ¶¶ 1, 6.  As a result of the policies and practices created by the "policymakers," defendants allegedly denied and delayed plaintiff's medical care, including referrals to specialists and diagnostic testing, for approximately eight months and failed to obtain plaintiff's medical history or review medical records provided by plaintiff, all while knowing that plaintiff was suffering from painful medical conditions.  Id. at 3-6, 25-30, ¶¶ 5-20, 119, 121, 126-140.  Plaintiff further alleges that defendants Brown and Saunders, both medical staff, violated his Eighth Amendment rights when they failed to provide proper treatment for his lower back pain and eye infection.  Id. at 5-6, 8-9, 11, 29, ¶¶ 11-20, 28-36, 39, 45-49, 134.

Count II alleges that defendants Parker, Bidwell, Doe, Sutter County Sheriff's Department, Sutter County Jail, Sutter County, Saunders, and Brown violated plaintiff's Eighth Amendment rights by failing to protect him from hazardous living conditions.  Id. at 32-34, ¶¶ 148-155.  Specifically, he alleges that these defendants failed to properly maintain the jail ventilation system, leading to mold and other hazardous materials accumulating in the vents.  Id. at 16, 32-33, ¶¶ 74, 76, 148-150.  The accumulation of hazardous materials exacerbated plaintiff's asthma and other respiratory conditions, of which defendants were aware, and put him at risk for complications to his existing conditions and long term side-effects from the exposure.  Id. at 16-17, 32-34, ¶¶ 75, 78-81, 148, 150, 152, 155.

Count III alleges that defendants Brown and Saunders committed professional negligence and are subject to statutory liability.  Id. at 34-38, ¶¶ 156-176.  Plaintiff bases this claim on his allegations that defendants Brown and Saunders failed to properly diagnose and treat plaintiff's lower back pain and eye infection.  Id.  He alleges that defendants Brown and Saunders failed to order timely or appropriate diagnostic tests, properly monitor plaintiff's conditions, obtain and review his medical history prior to commencing treatment, make timely or appropriate referrals to specialists, and prescribe proper treatment.  Id.

In Count IV, plaintiff alleges that defendants Parker, Bidwell, Doe, Sutter County Sheriff's Department, Sutter County Jail, and Sutter County are guilty of general negligence and subject to statutory liability.  Id. at 38-41, ¶¶ 177-183.  Plaintiff alleges that these defendants

1  failed to ensure, or enact policies or procedures that would ensure, proper delivery of health care

2  and proper maintenance of the ventilation system to keep it free of contaminants.  Id.  These

3  failures led to defendants violating their statutory duties.  Id. at 39-40, ¶ 179.

4       Finally, in Count V, plaintiff alleges that the actions of unspecified defendants violated the

5  ADA, RA, and his Fourteenth Amendment equal protection rights.  Id. at 41-45, ¶ ¶ 184-201.

6  Defendants allegedly failed to implement policies and procedures that would ensure compliance

7  with the ADA and RA and failed to accommodate plaintiff when they housed him on an upper

8  tier, making programs and activities inaccessible to him because his disability made it difficult to

9  impossible to navigate stairs without suffering injury.  Id.  He was also denied other

10  accommodations such as a thicker mattress; air mask, filter, or other method of providing air

11  without mold; back brace; and TENS unit, which exacerbated his disabilities, making it more

12  difficult to participate in programs and activities.  Id. at 43-44, ¶¶ 193, 195.

13      III.   Personal Involvement

14       There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

15  connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

16  362, 371 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  "Vague and conclusory

17  allegations of official participation in civil rights violations are not sufficient."  Ivey v. Board of

18  Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

19  personal participation is insufficient).

20       Additionally, "[t]here is no respondeat superior liability under section 1983."  Taylor v

21  List, 880 F.2d 1040, 1045 (9th Cir. 1989).  "A defendant may be held liable as a supervisor under

22  § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation,

23  or (2) a sufficient causal connection between the supervisor's wrongful conduct and the

24  constitutional violation.'"  Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v.

25  Black, 885 F.2d 642, 646 (9th Cir. 1989)).  A supervisor may be liable for the constitutional

26  violations of his subordinates if he "knew of the violations and failed to act to prevent them."

27  Taylor, 880 F.2d at 1045.  Finally, supervisory liability may also exist without any personal

28  participation if the official implemented "a policy so deficient that the policy itself is a

1  repudiation of the constitutional rights and is the moving force of the constitutional violation."

2  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and internal

3  quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825

4  (1970).

5       "[M]unicipalities and other local government units . . . [are] among those persons to

6  whom § 1983 applies."  Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978).

7  However, "a municipality can be liable under § 1983 only where its policies are the 'moving

8  force [behind] the constitutional violation.'"  City of Canton v. Harris, 489 U.S. 378, 389 (1989)

9  (alteration in original) (quoting Monell, 436 U.S. at 694 and Polk Cnty. v. Dodson, 454 U.S. 312,

10  326 (1981)).  There must be "a direct causal link between a municipal policy or custom and the

11  alleged constitutional deprivation."  Id. at 385.

12       "[A]n act performed pursuant to a 'custom' that has not been formally approved by an

13  appropriate decisionmaker may fairly subject a municipality to liability on the theory that the

14  relevant practice is so widespread as to have the force of law."  Board of Cnty. Comm'rs. v.

15  Brown, 520 U.S. 397, 404 (1997) (citations omitted); see also Monell, 436 U.S. at 690-91.  "[A]

16  local governmental body may [also] be liable if it has a policy of inaction and such inaction

17  amounts to a failure to protect constitutional rights."  Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th

18  Cir. 1992) (citing City of Canton, 489 U.S. at 388.  "[A] policy is 'a deliberate choice to follow a

19  course of action . . . made from among various alternatives by the official or officials responsible

20  for establishing final policy with respect to the subject matter in question.'"  Id. at 1477 (quoting

21  Pembaur v. City of Cincinnati, 475 U.S. 469, 483-84 (1986) (plurality opinion)).  "[A]

22  municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a

23  municipality cannot be held liable under § 1983 on a respondeat superior theory."  Monell, 436

24  U.S. at 691 (emphasis in original).

25       IV.    Doe Defendant

26       In the second amended complaint, plaintiff identifies a single Doe defendant.  ECF No. 66

27  at 2.  Although the use of fictitiously named Doe defendants is generally not favored, Gillespie v.

28  Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), amendment is allowed to substitute true names for

1  fictiously named defendants, <u>Merritt v. County of Los Angeles</u>, 875 F.2d 765, 768 (9th Cir.

2  1989).  Because the first amended complaint indicates that plaintiff may be able to identify

3  defendant Doe through discovery[2] and plaintiff has stated a cognizable claim against defendant

4  Doe, the court will screen the claims against defendant Doe.  However, due to the impossibility of

5  serving an unknown individual, the court will not order service on defendant Doe until plaintiff

6  has identified him and filed a motion to substitute a named defendant for defendant Doe.  Plaintiff

7  should seek to discover the identity of defendant Doe and move to substitute him into the case as

8  soon as is possible.  Failure to identify defendant Doe and serve him prior to the close of

9  discovery will result in a recommendation that the claims against defendant Doe be dismissed.

10  V.      Statute of Limitations for State Tort Claims

11        The statute of limitations is an affirmative defense, not a pleading requirement.  <u>Wyatt v.</u>

12  <u>Terhune</u>, 315 F.3d 1108, 1117 (9th Cir. 2003), <u>overruled on other grounds</u> <u>Albino v. Baca</u>, 747

13  F.3d 1162 (2014); <u>Aryeh v. Canon Bus. Solutions, Inc.</u>, 292 P.3d 871, 874-75 (Cal. 2013).

14  However, under California law, the timely presentation of a claim under the California Tort

15  Claims Act is a condition precedent and therefore is an element of the cause of action that must

16  be pled in the complaint.  <u>Shirk v. Vista Unified Sch. Dist.</u>, 164 P.3d 630, 634 (Cal. 2007)

17  (quoting <u>State v. Superior Court</u>, 90 P.3d 116, 119-20 (Cal. 2004).  This court previously granted

18  defendants' motion to dismiss the state tort claims in the original complaint because plaintiff

19  failed to explicitly allege facts supporting his entitlement to tolling of the statute of limitations

20  and because he failed to allege compliance with the California Tort Claims Act.  ECF No. 41 at

21  13-14.  Plaintiff was given leave to amend.  <u>Id.</u>

22        A plaintiff seeking to bring a lawsuit for money or damages against a local public entity[3]

23  for personal injury must first submit a claim to the entity within six months after accrual of the

24  cause of action.  Cal. Gov't Code §§ 905; 911.2.  A claim against a public employee or former

25  _____

[2]  In the first amended complaint plaintiff states that he believes defendant Doe has an officer
26  identification number of 72299.  ECF No. 58 at 10.

[3]  "Local public entity" is defined as "a county, city, district, public authority, public agency, and
27  any other political subdivision or public corporation in the State, but does not include the State."
Cal. Gov't Code § 900.4.

28

7

public employee is not required to be presented prior to filing an action against the employee if the alleged injury resulted from an act or omission in the scope of the defendant's employment as a public employee.[4]  Cal. Gov't Code § 950.  However, a cause of action against the employee cannot be maintained if an action for the injury would be barred against the employing public entity for failure to comply with the notice of claim requirements.  Cal. Gov't Code § 950.2.  In other words, a plaintiff must submit a notice of claim to the employing public entity before he can bring suit against the public employee.

In his "statement of compliance" filed with the second amended complaint, plaintiff states that he timely served defendants with a notice of claim that complied with relevant state law. ECF No. 66-1 at 2, ¶¶ 3-4.  He further states that he gave the required notice "during his incarceration in the jail."  Id., ¶ 6.  These statements, in conjunction with the more detailed statements made by plaintiff in his first amended complaint (ECF No. 58 at 23-24, ¶¶ 26-31),[5] are sufficient to allege compliance with the California Tort Claims Act.

With respect to the statute of limitations for bringing an action, and the tolling of that statute of limitations, the court notes that the statutes previously relied upon by plaintiff and defendants are not applicable to the state tort claims in this case.  Plaintiff alleges that he is entitled to tolling under California Code of Civil Procedure § 352.1.  ECF No. 66-1 at 2, ¶ 8. However, § 352.1 "does not apply to an action against a public entity or public employee upon a cause of action for which a claim is required to be presented."  Cal. Civ. Proc. Code § 352.1(b); Moore v. Twomey, 16 Cal. Rptr. 3d 163, 165 (Cal. Ct. App. 2004) (citing Cal. Civ. Proc. Code § 352.1(b)).  Defendants' reliance on California Code of Civil Procedure § 340.5 for the statute of limitations in professional negligence cases is also misplaced.  The proper statute of limitations is

---

[4]  If the employee is a health care provider being sued for professional negligence, there is a separate requirement that the health care provider be provided notice of intent to sue at least ninety days prior to commencement of the suit.  Cal. Civ. Proc. Code § 364.  Plaintiff has alleged that he provided the required notice.  ECF No. 66-1 at 2, ¶¶ 3-4; see also ECF No. 58 at 23-24, ¶¶ 26-31.
[5]  Although the court will not typically rely on a previous complaint, for purposes of judicial economy, the court will not require plaintiff to amend the complaint yet again solely for the purpose of providing the additional detail from the first amended complaint referenced here.

1   that specified by California Government Code § 945.6.  Anson v. County of Merced, 249 Cal.

2   Rptr. 457, 461 (Cal. Ct. App. 1988) (statute of limitations in Government Code § 945.6 controls

3   over statute of limitations in Code of Civil Procedure § 340.5); see also Cal. Gov't Code § 950.6

4   (time for bringing an action against a public employee same as time prescribed by § 945.6).

5   California Government Code § 945.6 provides two different time periods for bringing a suit

6   against a public entity or employee, depending upon whether the public entity responded to the

7   notice of claim.  Cal. Gov't Code § 945.6(a)(1)-(2).  Plaintiff does not expressly state whether or

8   not the public entity responded to his claim.  He does assert that he has never been notified of any

9   defects in his claims (ECF No. 66-1 at 2, ¶ 5), which arguably supports an inference that he did

10  not receive a response to his notice of claim.  If so, plaintiff would be entitled to the longer, two

11  year statute of limitations, Cal. Gov't Code § 945.6(a)(2).

12      While it remains possible that plaintiff's state tort claims have been brought outside the

13  applicable statute of limitations, it is equally possible based upon the complaint alone that some,

14  if not all, of his state tort claims are timely.  Therefore, the court cannot definitively find that

15  plaintiff's claims are barred or that he would not be entitled to some kind of tolling.[6]  Such a

16  determination would likely require consideration of materials outside the pleadings.  Accordingly,

17  the claims should not be dismissed as timely at the screening stage.

18      VI.    Count I: Eighth Amendment – Deliberate Indifference to Medical Needs

19          A.    Legal Standard

20      "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

21  must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091,

22  1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires

23  plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's

24  condition could result in further significant injury or the unnecessary and wanton infliction of

25  pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d

26  _____

[6]  The tolling provision for prisoners in Government Code § 945.6(b) no longer applies because

27  prisoners no longer lose their civil right to commence a lawsuit.  Moore, 16 Cal. Rptr. 3d at 165

28  n.2.

1  at 1096 (quoting <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992) (citation and internal

2  quotations marks omitted), <u>overruled on other grounds</u> <u>WMX Technologies v. Miller</u>, 104 F.3d

3  1133 (9th Cir. 1997) (en banc)).

4        Deliberate indifference is established only where the defendant *subjectively* "knows of and

5  disregards an *excessive risk* to inmate health and safety." <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1057

6  (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).  Deliberate

7  indifference can be established "by showing (a) a purposeful act or failure to respond to a

8  prisoner's pain or possible medical need and (b) harm caused by the indifference." <u>Jett</u>, 439 F.3d

9  at 1096 (citation omitted).  A difference of opinion between an inmate and prison medical

10  personnel—or between medical professionals—regarding appropriate medical diagnosis and

11  treatment are not enough to establish a deliberate indifference claim.  <u>Sanchez v. Vild</u>, 891 F.2d

12  240, 242 (9th Cir. 1989); <u>Toguchi</u>, 391 F.3d at 1058.

13        B.    <u>Failure to State a Claim</u>

14        Except as set forth in Section VI.C. below, plaintiff's allegations against defendants

15  Bidwell and Doe fail to allege sufficient personal involvement of either defendant with relation to

16  his medical care.  Plaintiff alleges that both Bidwell and Doe were supervisors, but fails to make

17  anything beyond vague and conclusory allegations that they were aware of plaintiff's health

18  issues and prevented or delayed his treatment.  ECF No. 66-2 at 3-6, ¶¶ 1-10, 14, 16-19.  Plaintiff

19  simply concludes that these defendants were aware of his conditions and prevented and delayed

20  his treatment, while offering no factual allegations of specific conduct by defendants or any other

21  facts that would support this conclusion.  Defendants Bidwell and Doe's supervisory positions

22  alone do not support an inference that they were aware of or involved in plaintiff's specific

23  circumstances.

24        Plaintiff also identifies Bidwell as both the jail commander and a sergeant or lieutenant

25  and Doe as the supervising custody officer.  ECF No. 66 at 2; ECF No. 66-2 at 16, ¶ 73.  To the

26  extent plaintiff is attempting to establish supervisory liability, he does not allege facts to show

27  that either defendant was aware of a violation of his constitutional rights by subordinates that they

28  failed to stop.  Finally, with the exception of the conclusory identification of defendants as

1  "policy makers" and equally conclusory claims that they instituted facially deficient policies

2  (ECF No. 66-2 at 3, ¶¶ 1-4), plaintiff fails to allege any facts that would demonstrate either

3  defendant was responsible for promulgating policies within the jail related to medical care or had

4  authority to modify such policies.  Moreover, plaintiff specifically identifies defendants Denny

5  and Parker, the former and current sheriff, as the individuals responsible for the creation of the

6  allegedly unconstitutional policies.  Id. at 26, 31-32, ¶¶ 122, 145, 147.

7      Plaintiff's conclusory and non-specific allegations against defendants Bidwell and Doe

8  fail to state a claim for deliberate indifference to a serious medical need and should be dismissed.

9          C.      Claims for Which a Response Will Be Required

10     In the complaint, plaintiff states that "Defendants (including JOHN DOE No. 1, and

11  'Policymakers')" failed to provide the medical accommodations ordered by medical staff even

12  though there was no valid security reason for denying the accommodations.  Id. at 20, ¶ 95.

13  Specifically, he states that he was to be moved to a lower tier cell and issued a double or thicker

14  mattress and that the failure to do so resulted in plaintiff suffering "unnecessary limitations, pain,

15  and potential risk of harm."  Id. at 20, 42, ¶¶ 95, 96, 190.  Plaintiff's singling out of defendant

16  Doe, who falls within plaintiff's definition of "policymaker" (id. at 3, ¶ 1), supports an inference

17  that defendant Doe was the individual that refused to provide plaintiff with the accommodations

18  medical staff ordered.  This inference is supported by plaintiff's description of defendant Doe's

19  duties in the first amended complaint, where he states that defendant Doe was aware of the

20  medical orders and was responsible for providing accommodations ordered by medical staff and

21  approving and conducting cell moves.  ECF No. 58 at 10-11.  To promote judicial economy and

22  prevent further delay in this case, the court will not require plaintiff to further amend his instant

23  complaint just to add a description of defendant Doe's duties.  Plaintiff's claim that defendant

24  Doe refused to house him in a lower tier cell or provide him with a double mattress, as ordered by

25  medical staff and without justification, states a claim for deliberate indifference to plaintiff's

26  serious medical need.

27     Plaintiff alleges that defendants Denny and Parker are, respectively, the former and

28  current sheriffs of Sutter County.  ECF No. 66 at 2.  Plaintiff fails to allege facts to support an

1    allegation that either defendant was personally involved in his medical care and his general claim

2    that they were aware of his medical conditions is unsupported by any facts that would permit such

3    an inference.  However, plaintiff alleges that Denny and Parker created and perpetuated a policy

4    or practice that encouraged delaying and denying necessary medical care until an inmate was

5    transferred to the custody of the California Department of Corrections and Rehabilitation in order

6    to cut costs associated with medical care.  ECF No. 66-2 at 26, 31-32, ¶¶ 122, 145, 147.  Since

7    plaintiff alleges that these policies resulted in the denial of necessary medical care, such as

8    diagnostic testing and referrals to specialists, and increased pain and his medical conditions

9    worsening (id. at 3-7, 10-11, ¶¶ 5, 9-10, 17-19, 22, 26, 43, 49), he has sufficiently alleged an

10   Eighth Amendment claim based on supervisory liability.  Because of Denny and Parker's

11   positions as decision makers, plaintiff's allegations also state a claim for relief against the Sutter

12   County Sheriff's Department, Sutter County Jail, and Sutter County for deliberate indifference to

13   his serious medical needs under Monell.

14        With respect to defendants Saunders and Brown, plaintiff alleges that they were medical

15   providers at the jail and saw him for his various health conditions.  Id. at 8, ¶ 29.  He alleges that

16   they failed to provide appropriate treatment for his lower back pain, asthma, and eye infection.

17   Id. at 8-13, 29, 33, 35-37, ¶¶ 28-34, 39-41, 45-48, 52, 57, 134, 150, 160-169.  Specifically, he

18   alleges that Saunders and Brown failed to obtain or review his previous medical records prior to

19   treating him, failed to refer him to appropriate specialists, provided deficient and incompetent

20   treatment by refusing to prescribe proper pain medication and prescribing other medication

21   without providing proper instructions for use, refused to allow plaintiff to use his medical

22   appliances, and failed to properly examine and diagnose plaintiff.  Id.  Additionally, plaintiff's

23   allegations in Count II that Saunders and Brown failed to protect him more properly state a claim

24   for deliberate indifference to his medical needs to the extent that the complaint includes claims

25   that they failed to provide a proper examination to determine what was causing or aggravating his

26   respiratory problems and failed to provide proper treatment for his respiratory problems,

27   including ordering appropriate housing accommodations.  Id. at 33, 37, 43, ¶¶ 150, 169, 193.

28        As set forth above, plaintiff has stated cognizable claims against defendants Doe, Parker,

1  Denny, Saunders, Brown, Sutter County Sheriff's Department, Sutter County Jail, and Sutter

2  County.

3      VII.    Count II: Eighth Amendment – Failure to Protect

4          A.    Legal Standard

5          "The Constitution does not mandate comfortable prisons, but neither does it permit

6  inhumane ones."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation marks and

7  citation omitted).  "[A] prison official violates the Eighth Amendment only when two

8  requirements are met.  First, the deprivation alleged must be, objectively, sufficiently serious, a

9  prison official's act or omission must result in the denial of the minimal civilized measure of

10  life's necessities."  Id. at 834 (internal quotation marks and citations omitted).  Second, the prison

11  official must subjectively have a sufficiently culpable state of mind, "one of deliberate

12  indifference to inmate health or safety."  Id. (internal quotation marks and citations omitted).  The

13  official is not liable under the Eighth Amendment unless he "knows of and disregards an

14  excessive risk to inmate health or safety; the official must both be aware of facts from which the

15  inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

16  inference."  Id. at 837.  Then he must fail to take reasonable measures to abate the substantial risk

17  of serious harm.  Id. at 847.  Mere negligent failure to protect an inmate from harm is not

18  actionable under § 1983.  Id. at 835.

19          B.    Failure to State a Claim

20          As previously noted, defendant Doe is identified as the supervising custody officer.  ECF

21  No. 66 at 2; ECF No. 66-2 at 16, ¶ 73.  However, plaintiff makes only general claims that Doe

22  (along with defendants Parker, Bidwell, Sutter County Jail, Sutter County Sheriff's Department,

23  Sutter County, and non-defendants Sutter County Department of Public Works and Department of

24  Health and their employees) was responsible for maintenance of the ventilation system.  ECF No.

25  66-2 at 16, 32, 38-39 ¶¶ 73, 148, 177.  Plaintiff makes no specific allegations against defendant

26  Doe regarding the failure to maintain the ventilation system, nor are there any facts that would

27  establish that Doe's supervisory capacity extended over the individuals responsible for

28  maintaining the ventilation system and that he was aware of their continual failure to perform

13

1   their duties.

2         As set forth above in Section VI.C., plaintiff's claims against defendants Saunders and

3   Brown as they relate to mitigating his exposure to the contaminants from the ventilation system

4   are more properly categorized as a medical deliberate indifference claim.  Plaintiff makes no

5   allegations that Saunders or Brown were responsible for the maintenance of the ventilation

6   system or supervised the individuals responsible for maintenance, and therefore fails to state a

7   claim for failure to protect against these defendants.

8         For these reasons, plaintiff's failure to protect claims against defendants Doe, Saunders,

9   and Brown should be dismissed.

10         C.      Claims for Which a Response Will Be Required

11         Plaintiff fails to allege sufficient personal involvement of defendants Parker and Bidwell[7]

12   to state a claim against them for failure to protect based upon inadequate maintenance of the jail's

13   ventilation system.  There are no facts to support a claim that any of these defendants were

14   personally responsible for maintaining the system.  However, as the sheriff and jail commander,

15   these defendants were in positions where they were responsible for the administration and

16   operation of the jail.[8]  Furthermore, as the facility administrator Parker was required to "develop

17   written policies and procedures for the maintenance of an acceptable level of cleanliness, repair

18   and safety throughout the facility."  Cal. Code Regs., tit. 15, § 1280.  The policies were to include

19   "a regular schedule of housekeeping tasks and inspections to identify and correct unsanitary or

20   unsafe conditions or work practices."  Id.  In the complaint, plaintiff alleges that due to the mold

21   ────────────────────────────
[7]  Plaintiff does not make any allegations against defendant Denny regarding the maintenance of
22   the ventilation system.
     [8]          "Facility/system administrator" means the sheriff, chief of police,
23                chief probation officer, or other official charged by law with the
                  administration of a local detention facility/system.
24
25                "Facility manager" means the jail commander, camp
                  superintendent, or other comparable employee who has been
26                delegated the responsibility for operating a local detention facility
                  by a facility administrator.
27
     Cal. Code Regs. tit. 15, § 1006.
28

and other contaminants in the ventilation system, there was "a visible 'black' coating on the wall, ceilings, and vent faces near the vents, (that were easily visible and obvious)."  ECF No. 66-2 at 16, ¶ 74.  These facts support an inference that defendant Parker failed to either create an appropriate policy or to ensure that it was implemented, and assuming the latter scenario, defendant Bidwell, as the jail commander, failed to carry out the policies as part of his duties in operating the jail.  In light of the health hazards that improperly maintained ventilation systems can potentially cause, and plaintiff's allegations that he suffered such complications, this is sufficient to state a claim for failure to protect.  Johnson v. Duffy, 588 F.2d 740, 744 (9th Cir. 1978) (failure to act, in violation of duties imposed by statute or regulation, may subject a supervisor to § 1983 liability).  As with the deliberate indifference claim, Parker's position as decision maker subjects the Sutter County Sheriff's Department, Sutter County Jail, and Sutter County to liability for failure to protect under Monell.

VIII.    Count III: Professional Negligence – Medical Malpractice

A.    Legal Standard

California Government Code § 845.6 provides that

> [n]either a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody . . . .  Nothing in this section exonerates a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state from liability for injury proximately caused by malpractice.

Professional negligence is defined as "a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury."  Cal. Civ. Proc. Code § 340.5(2).  The provider must be licensed to provide the services at issue and the services must not be "within any restriction imposed by the licensing agency or licensed hospital."  Id.

B.    Claims for Which a Response Will Be Required

Plaintiff makes claims for professional negligence against defendants Brown and Saunders, both of whom are medical professionals.  ECF No. 66-2 at 34-38, ¶¶ 156-176.  He

1    alleges that they did not properly treat his lower back pain, eye infection, and respiratory

2    conditions when they failed to evaluate his condition, obtain his medical history, make

3    appropriate referrals to specialists, conduct diagnostic testing, and properly prescribe medications.

4    Id. at 8-13, 34-38, ¶¶ 28-58, 156-176.  Plaintiff alleges that the deficient treatment he received

5    resulted in aggravation of his conditions and long-term injury.  These allegations are sufficient to

6    state a claim for professional negligence against defendants Brown and Saunders.

7        IX.    Count IV: Negligence – Personal Injury

8            A.    Legal Standard

9        "Notwithstanding any other provision of this part, except as provided in this section and in

10   Sections 814, 814.2, 845.4, and 845.6, or in Title 2.1 (commencing with Section 3500) of Part 3

11   of the Penal Code, a public entity is not liable for . . . [a]n injury to any prisoner," but a public

12   employee may still be liable "for injury proximately caused by his negligent or wrongful act or

13   omission."  Cal. Gov't Code § 844.6(a)(2), (d).

14       Except as provided by statute, "a public employee is not liable for injury caused by a

15   condition of public property where such condition exists because of any act or omission of such

16   employee within the scope of his employment."  Cal. Gov't Code § 840.  A public employee is

17   liable for an injury caused by a dangerous condition on public property if (1) the dangerous

18   condition existed at the time of the injury, (2) the condition proximately caused the injury, and (3)

19   the kind of injury incurred was a reasonably foreseeable risk of the dangerous condition.  Cal.

20   Gov't Code § 840.2.  The plaintiff must also show that either (1) "[t]he dangerous condition was

21   directly attributable wholly or in substantial part to a negligent or wrongful act of the employee"

22   and the employee had the authority and funds immediately available to take other action that

23   would not have created the dangerous condition or (2) the employee had the authority and

24   responsibility to take adequate measures to protect against the condition at the public entity's

25   expense, the funds to take such measures were immediately available, and the employee had

26   actual or constructive notice of the condition a sufficient time before the injury that he could have

27   taken measures to protect against the dangerous condition.  Id.

28   ////

1      B.      Failure to State a Claim

2          The only potentially applicable exception to the statutory protection of public entities

3   from liability for injuries to prisoners is provided in California Government Code § 845.6.

4   Section 845.6 states, in pertinent part, that

5              [n]either a public entity nor a public employee is liable for injury
              proximately caused by the failure of the employee to furnish or
6              obtain medical care for a prisoner in his custody, but . . . a public
              employee, and the public entity where the employee is acting within
7              the scope of his employment, is liable if the employee knows or has
              reason to know that the prisoner is in need of immediate medical
8              care and he fails to take reasonable action to summon such medical
              care."
9

10  "Section 845.6 is very narrowly written to authorize a cause of action against a public entity for

11  its employees' failure to summon immediate medical care only, not for certain employee's

12  malpractice in providing that care."  Castaneda v. Department of Corr. & Rehab., 151 Cal. Rptr.

13  3d 648, 663 (Cal. Ct. App. 2013); Watson v. State, 26 Cal. Rptr. 2d 262, 265 (Cal. Ct. App. 1993)

14  (citing Hart v. County of Orange, 62 Cal. Rptr. 73, 77 (Cal. Ct. App. 1967); CEB, Cal. Govt. Tort

15  Liability Practice (3d ed. 1992) § 4.15, p. 484).  Public entities have no liability for a general

16  failure to provide care or to provide adequate care.  Castaneda, 151 Cal. Rptr. 3d at 663-64;

17  Watson, 26 Cal. Rptr. 2d at 265; Cal. Gov't Code § 845.6.

18          Plaintiff claims that defendants Sutter County Sheriff's Department, Sutter County Jail,

19  and Sutter County negligently caused him injury by failing to ensure he was provided with

20  adequate medical care and safe living conditions.  ECF No. 66-2 at 38-40, ¶¶ 177-183.  Plaintiff

21  does not allege that medical care was not provided and specifically states that he was seen by

22  medical staff.  Id. at 4-6, 8-13, ¶¶ 7-20, 28-58.  His complaint is that the care he was provided was

23  deficient.  Id.  Such claims do not fall within the exceptions to California Government Code §

24  844.6(a)(2).  Plaintiff therefore fails to overcome defendants Sutter County Sheriff's Department,

25  Sutter County Jail, and Sutter County's statutory immunity and Count IV against these defendants

26  must be dismissed.

27          With respect to plaintiff's claims regarding the maintenance of the ventilation system, his

28  negligence claim against defendant Doe fails because he does not allege facts that show the

17

1   condition of the ventilation system was due to defendant Doe's actions or inaction or that Doe

2   had the authority, responsibility, or funds to correct or prevent the dangerous condition presented

3   by the mold and contaminants in the ventilation system.  Plaintiff's negligence claim against

4   defendant Doe should therefore be dismissed.

5       As for plaintiff's negligence claims based upon the creation of a policy to delay and deny

6   medical care, his claims against defendants Doe and Bidwell fail for the same reason his

7   deliberate indifference claims against these defendants fails: there are no facts that either

8   defendant was involved in his medical care or that they were responsible for or had the authority

9   to change the offending policies.  Accordingly, the negligence claims related to medical care

10   against defendants Doe and Bidwell should be dismissed.

11       C.       Claims for Which a Response Will Be Required

12       With respect to plaintiff's claim that he was injured as a result of the negligent

13   maintenance of the ventilation system, he states a claim against defendants Parker and Bidwell.

14   Plaintiff alleges that the mold and contaminants in the ventilation system aggravated his

15   respiratory conditions leading to a number of problems, including difficulty breathing, dizziness,

16   severe headaches and an inability to perform daily tasks.  ECF No. 66-2 at 17, ¶¶ 78-79.  As

17   discussed in Section VII.C. above, defendants Parker and Bidwell were statutorily responsible for

18   the operation and administration of the jail and the allegations in the complaint support two

19   alternative theories.  If defendant Parker failed to create an appropriate policy, as he was

20   statutorily required to do, Cal. Code Regs., tit. 15, § 1280, then this failure was arguably the cause

21   of the dangerous condition and Parker had the authority and ability to take action that would have

22   prevented the dangerous condition or would have had the ability to correct the dangerous

23   condition.  Alternatively, if Parker created a policy but failed to ensure the policy was

24   implemented and Bidwell failed to carry out the policy, the dangerous condition would be

25   attributable to the negligent acts of both Parker and Bidwell and they had the authority,

26   responsibility, and means to either prevent or correct the dangerous condition.

27   ////

28   ////

1    Plaintiff's negligence claim against defendant Parker related to the creation of medical care

2    policies also states a claim for relief.[9]  As facility administrator, defendant Parker was responsible

3    for ensuring the provision of inmate health care services and, in cooperation with the health

4    authority, creating policies and procedures for the provision of health care.  Cal. Code Regs., tit.

5    15, §§ 1200, 1206.  Defendant Parker will therefore be required to respond to this claim.

6         X.        Count V: ADA, RA, and Fourteenth Amendment

7              A.        Legal Standard

8                   1.   ADA and RA

9         Title II of the ADA prohibits a public entity from discriminating against a qualified

10   individual with a disability on the basis of that disability.  42 U.S.C. § 12132 (1994); Weinreich

11   v. Los Angeles Cnty. Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).  In other words, the

12   ADA is designed to challenge the denial of a benefit or service accorded similarly situated

13   individuals "by reason of" the plaintiff's disability.  The Supreme Court has held that Title II of

14   the ADA applies to state prisons.  Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 210

15   (1998).  To state a claim under Title II, the plaintiff must allege four elements:

16              (1) he is an individual with a disability; (2) he is otherwise qualified
17              to participate in or receive the benefit of some public entity's
                services, programs, or activities; (3) he was either excluded from
18              participation in or denied the benefits of the public entity's services,
                programs, or activities, or was otherwise discriminated against by
19              the public entity; and (4) such exclusion, denial of benefits, or
                discrimination was by reason of [his] disability.

20

21   Simmons v. Navajo Cnty., 609 F.3d 1011, 1021 (9th Cir. 2010) (alteration in original) (quoting

22   McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004)); Weinreich, 114 F.3d at 978.

23   "[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the States

24   for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state

25   sovereign immunity."  United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original).

26

27   _____
     [9]  Plaintiff does not include defendant Denny in his general negligence claim.  ECF No. 66-2 at
28   38-41, ¶¶ 177-183.

1    While the RA has the additional requirement that the program or activity receive federal

2    funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and

3    obligations created by the ADA and the Rehabilitation Act.  Thus, courts have applied the same

4    analysis to claims brought under both statutes," Zukle v. Regents of the Univ. of California, 166

5    F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted).

6            2.  Fourteenth Amendment (Equal Protection)

7    The Equal Protection Clause requires the State to treat all similarly situated people

8    equally.  City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  "To state a claim

9    for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with

10   an intent or purpose to discriminate against him based upon his membership in a protected class."

11   Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d

12   1193, 1194 (9th Cir. 1998)).

13        B.       Failure to State a Claim

14   Because plaintiff refers to defendants only generically in Count V of the complaint, it is

15   difficult to determine who plaintiff is attempting to bring claims against.  However, because

16   plaintiff is proceeding pro se, his complaint is entitled to liberal construction, and the court

17   considers the complaint as a whole in determining whether plaintiff has stated any claims under

18   the ADA, RA, and Fourteenth Amendment.

19   To the extent plaintiff is attempting to bring ADA and RA claims against any of the

20   defendants in their individual capacities, these claims must be dismissed.  Stewart v. Unknown

21   Parties, 483 F. App'x 374, 374 (9th Cir. 2012) (citing Lovell v. Chander, 303 F.3d 1039, 1052

22   (9th Cir. 2002)); Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir.

23   2001) ("[N]either Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual

24   capacity suits against state officials."); see also A.W. v. Jersey City Pub. Sch., 486 F.3d 791, 804

25   (3rd Cir. 2007) (no cause of actions against individuals under RA).  If plaintiff is attempting to

26   bring his individual capacity ADA and RA claims under § 1983, he also fails to state a claim.

27   Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action

28   under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights

1   created by Title II of the ADA or section 504 of the Rehabilitation Act.")).

2       Additionally, although a plaintiff may pursue ADA and RA claims against defendants in

3   their official capacities, "[w]hen both a municipal officer and a local government entity are

4   named, and the officer is named only in an official capacity, the court may dismiss the officer as a

5   redundant defendant."  Center for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't,

6   533 F.3d 780, 799 (9th Cir. 2008).  Thus, to the extent he is making them, plaintiff's official

7   capacity ADA and RA claims against defendants Parker, Bidwell, Doe, Saunders, Brown, and

8   Denny should be dismissed as duplicative.

9       It is not clear whether plaintiff is alleging that the denial of specific medical appliances

10  and accommodations was a separate violation of his rights under the ADA and RA.  ECF No. 66-

11  2 at 42-43, ¶¶ 189, 191, 193, 195.  If plaintiff is attempting to make this claim, it fails because he

12  does not allege that he was denied these things *because of* his disability, just that they were

13  denied.  Id.

14      With respect to plaintiff's equal protection claim, he fails to identify any specific actions

15  by any specific defendants that would constitute a violation of his Fourteenth Amendment rights.

16  Moreover, plaintiff has not alleged he is a member of a protected class as "[t]he physically

17  disabled are not a protected class for purposes of equal protection under the Fourteenth

18  Amendment."  Gamble v. City of Escondido, 104 F.3d 300, 307 (9th Cir. 1997) (citing City of

19  Cleburne, 473 U.S. at 446).  However, the United States Supreme Court has "recognized

20  successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that [he]

21  has been intentionally treated differently from others similarly situated and that there is no

22  rational basis for the difference in treatment."  Village of Willowbrook v. Olech, 528 U.S. 562,

23  564 (2000).

24      "Similarly situated" persons are those "who are in all relevant respects alike."  Nordlinger

25  v. Hahn, 505 U.S. 1, 10 (1992).  The rationale is that "[w]hen those who appear similarly situated

26  are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason

27  for the difference, to ensure that all persons subject to legislation or regulation are indeed being

28  'treated alike, under like circumstances and conditions.'"  Engquist v. Oregon Dep't of Agric.,

1    553 U.S. 591, 602 (2008).  Plaintiff, however, has made only vague and conclusory allegations

2    that he was treated differently than other similarly situated individuals and that there was no

3    rational basis for treating him differently.  ECF No. 66-2 at 19-20, 41-43, ¶¶ 94, 186, 189, 193.

4    This is insufficient to support an equal protection claim and the claim should be dismissed.

5              C.     Claims for Which a Response Will Be Required

6         "When a plaintiff brings a direct suit under either the Rehabilitation Act or Title II of the

7    ADA against a municipality (including a county), the public entity is liable for the vicarious acts

8    of its employees."  Duvall v. County of Kitsap, 260 F.3d 1124, 1141 (9th Cir. 2001).  Plaintiff

9    claims that he has a respiratory condition that qualifies as a disability under the ADA.  ECF No.

10   66-2 at 17, ¶ 80.  He also indicates that his back pain issues constituted a disability.  Id. at 31, ¶

11   143.  He alleges that the refusal to provide him with accommodations for his disabilities

12   prevented him from being able to take advantage of a number of programs and services offered at

13   the jail because, among other things, his upper tier cell required him to navigate stairs, which

14   presented a significant risk of physical harm because of his disabilities.  Id.  at 42-43, ¶¶ 189, 191,

15   193, 195.  Plaintiff has pled sufficient facts to state a claim under Title II of the ADA and § 504

16   of the RA against defendants Sutter County Sheriff's Department, Sutter County Jail, and Sutter

17   County based on the denial of access to jail programs and services as a result of the refusal to

18   accommodate his disability.

19        XI.    No Leave to Amend

20        If the court finds that a complaint should be dismissed for failure to state a claim, the court

21   has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1130

22   (9th Cir. 2000).  Leave to amend should be granted if it appears possible that the defects in the

23   complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see also Cato v.

24   United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to

25   amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that

26   the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809

27   F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear that a

28   ////

1  complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Id. at

2  1105-06.

3        Despite guidance on the necessary pleading requirements (ECF Nos. 41, 61), notification

4  of the defects in the original and first amended complaints (id.), and responsive filing of lengthy

5  complaints (ECF Nos. 1, 58, 66), the undersigned finds that, as set forth above, portions of

6  plaintiff's second amended complaint fail to state a claim upon which relief may be granted.

7  Based upon the circumstances plaintiff challenges, the length and amount of factual information

8  in the original and amended complaints, and plaintiff's two previous attempts at amendment, this

9  court is persuaded that plaintiff is unable to allege any additional facts that would state a

10  cognizable claim beyond those which have already been recognized.  The court therefore

11  concludes that further amendment would be futile.  "A district court may deny leave to amend

12  when amendment would be futile."  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013)

13  (citing Chappel v. Laboratory Corp. of Am., 232 F.3d 719, 725-26 (9th Cir. 2000)).

14        The undersigned therefore recommends dismissing the claims outlined above without

15  further leave to amend.  While leave to amend "shall be freely given when justice so requires,"

16  plaintiff has already been provided two opportunities to amend his complaint to correct

17  deficiencies.  See Fed.R.Civ.P. 15(a)(2).  Further leave to amend is unwarranted, would unduly

18  delay the proceedings and waste judicial resources, and would likely be futile.

19      XII.   Summary

20        Plaintiff has stated a claim for deliberate indifference against defendant Doe for denying

21  him a double mattress and lower tier cell.  The court recommends that plaintiff's other claims for

22  deliberate indifference against defendant Doe and all deliberate indifference claims against

23  defendant Bidwell be dismissed because plaintiff has not alleged facts that show Doe or Bidwell

24  had anything to do with plaintiff's medical treatment.  Because the court cannot serve a defendant

25  it cannot identify, service will not be ordered on defendant Doe.  Plaintiff should work to find out

26  defendant Doe's real name as soon as possible.  Once plaintiff has defendant Doe's name, he

27  should file a motion to substitute letting the court know defendant Doe's name.  If plaintiff does

28  ////

1   not identify defendant Doe by the time discovery ends, the court will recommend defendant Doe

2   be dismissed.

3         Plaintiff has stated a claim for deliberate indifference against defendants Denny, Parker,

4   Sutter County Sheriff's Department, Sutter County Jail, and Sutter County based on their policy

5   of delaying and denying medical care.  All other claims for deliberate indifference against

6   defendants Denny and Parker should be dismissed because plaintiff has not shown they were

7   involved with his medical treatment.  Plaintiff has stated a claim for deliberate indifference

8   against defendants Saunders and Brown based on their failure to treat his lower back pain,

9   respiratory conditions, and eye infection.

10         The court recommends that plaintiff's claims for failure to protect against defendants Doe,

11   Saunders, and Brown be dismissed because plaintiff has not shown that any of them were

12   responsible for the ventilation system.  Although plaintiff has not shown that defendants Parker

13   and Bidwell were the people who were actually supposed to clean and maintain the ventilation

14   system, he has stated a claim for failure to protect against them because California law requires

15   that they create and carry out policies and procedures to keep the jail clean and they failed to do

16   so.  Plaintiff has also stated a claim for failure to protect against Sutter County Sheriff's

17   Department, Sutter County Jail, and Sutter County because of defendant Parker's position as a

18   decision maker.

19         For the purpose of screening, the court cannot say whether plaintiff's state tort claims are

20   timely and because timeliness is an affirmative defense, plaintiff is not required to include this

21   information in his complaint.  Plaintiff's statement of compliance is also enough to allege that

22   plaintiff submitted a notice of claim as required by the California Tort Claims Act.  The court

23   does not decide whether plaintiff's claims are actually timely or whether he actually submitted a

24   proper notice of claim.

25         Plaintiff has stated a claim for professional negligence against defendants Saunders and

26   Brown based on their failure to treat his lower back pain, eye infection, and respiratory

27   conditions.

28         The court recommends that plaintiff's negligence claims against Sutter County Sheriff's

1   Department, Sutter County Jail, and Sutter County be dismissed because they cannot be sued for

2   this kind of claim under California law.  Plaintiff's negligence claim against defendant Doe for

3   failing to maintain the ventilation system should be dismissed because plaintiff has not stated

4   facts that show defendant Doe was responsible for or had anything to do with the ventilation

5   system.  The negligence claims against defendants Doe and Bidwell for creating a policy to delay

6   and deny medical care should also be dismissed because plaintiff does not show that either

7   defendant was responsible for or could change the policy.  Plaintiff's negligence claims against

8   defendants Parker and Bidwell for failing to maintain the ventilation system state a claim because

9   they were statutorily responsible for the operation and administration of the jail.  Plaintiff's claim

10   for negligence against defendant Parker for the policy of denying or delaying medical care also

11   states a claim because Parker was required by law to ensure inmates received medical care.

12         Plaintiff's ADA and RA claims against defendants Parker, Bidwell, Doe, Saunders,

13   Brown, and Denny in their individual capacity should be dismissed because the law does not

14   allow them to be sued in their individual capacities.  The claims against them in their official

15   capacities should also be dismissed because the claims are more appropriate against Sutter

16   County Sheriff's Department, Sutter County Jail, and Sutter County.  Plaintiff has stated claims

17   under the ADA and RA against Sutter County Sheriff's Department, Sutter County Jail, and

18   Sutter County for denial of access to prison programs and activities based on his disability

19   because they refused to accommodate his disabilities, making him unable to participate in the

20   programs and activities.  All other claims under the ADA and RA should be dismissed because

21   plaintiff has not shown that he was treated differently *because of* his disability.  Plaintiff's equal

22   protection claims should be dismissed because he has not shown that he is part of a protected

23   class and he does not give any specific examples of how he was treated differently from other

24   inmates that were similar to him.

25         Plaintiff will not be given leave to amend because he has already been given two chances

26   to amend and has not been able to fix the problems in his complaint even with direction from the

27   court.

28   ////

1    IT IS HEREBY RECOMMENDED that:

2        1.  Count I, II, IV, and V be dismissed in part, as set forth above, without leave to amend.

3        2.  Within thirty days from the date of the District Judge's review and adoption of the

4    instant findings and recommendations, defendants be ordered to respond to the second amended

5    complaint as follows:

6            a.  Defendants Denny, Parker, Saunders, Brown, Sutter County Sheriff's

7    Department, Sutter County Jail, and Sutter County must respond to Count I as set forth in Section

8    VI.C.

9            b.  Defendants Parker, Bidwell, Sutter County Sheriff's Department, Sutter County

10   Jail, and Sutter County must respond to Count II as set forth in Section VII.C.

11           c.  Defendants Saunders and Brown must respond to Count III as set forth in

12   Section VIII.B.

13           d.  Defendants Parker and Bidwell must respond to Count IV as set forth in

14   Section IX.C.

15           e.  Defendants Sutter County Sheriff's Department, Sutter County Jail, and Sutter

16   County must respond to Count V as set forth in Section X.C.

17       These findings and recommendations are submitted to the United States District Judge

18   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

19   after being served with these findings and recommendations, any party may file written

20   objections with the court and serve a copy on all parties.  Such a document should be captioned

21   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

22   objections shall be served and filed within fourteen days after service of the objections.  The

23   parties are advised that failure to file objections within the specified time may waive the right to

24   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

25   DATED: January 4, 2016

26

27   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

28