UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD,<br><br>       Plaintiff,<br><br>   v.<br><br>JIM DENNY, et al.,<br><br>       Defendants. | No.  2:12-cv-0915 TLN AC P<br><br><br><br>ORDER |

Plaintiff is a former county and current state prisoner proceeding pro se and in forma pauperis in this action.  Currently before the court are plaintiff's motion to quash (ECF No. 81), motion for an extension of time to complete discovery (ECF No. 83), and motion for leave to serve additional interrogatories (ECF No. 85).

   I.   Motion to Quash

Plaintiff seeks to quash defendants' subpoena which was served on a nonparty for the purpose of obtaining plaintiff's medical records.  ECF No. 81.  Defendants respond that the subpoena has since been withdrawn.  ECF No. 82.  Since the subpoena plaintiff seeks to quash has been withdrawn, the motion will be denied as moot.

Included with plaintiff's motion to quash is a request for fourteen signed, but otherwise blank, subpoena forms.  ECF No. 81-1.  Federal Rule of Civil Procedure 45(a)(3) requires that

1

1 "[t]he clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."
2 Therefore, plaintiff's request will be granted and the Clerk of the Court will be directed to send
3 plaintiff fourteen blank subpoena forms.

4       Plaintiff is advised that if he moves to have the United States Marshal serve the
5 subpoenas, limitations on a subpoena include the relevance of the information sought as well as
6 the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P.
7 26, 45. Because Federal Rule of Civil Procedure 45(b) requires personal service of a subpoena,
8 "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not
9 taken lightly by the court." Austin v. Winett, 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1
10 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d).

11       In order for the court to consider ordering the United States Marshal to serve the
12 subpoenas, plaintiff must submit to the court the completed subpoena forms and any requisite
13 fees. Any subpoena for documents must describe the items to be produced with reasonable
14 particularity and designate a reasonable time, place, and manner for production. The subpoenas
15 must also be accompanied by a motion to have the United States Marshal serve the subpoenas and
16 the motion must also show that plaintiff has not and cannot obtain the testimony or documents he
17 seeks by way of discovery propounded upon defendants. Failure to do so will result in denial of
18 any motion to have the United States Marshal serve the subpoenas.

19     II.    <u>Motion for Extension</u>

20       Plaintiff seeks a thirty day extension of the time to serve discovery requests. ECF No. 83.
21 The current deadline for serving discovery requests is August 26, 2016. ECF No. 80 at 5.
22 Defendants have responded and stipulate to an extension of the time for serving discovery
23 requests and for conducting discovery. ECF No. 84. Good cause appearing, plaintiff's request
24 will be granted and the discovery deadlines will be extended by thirty days. The dispositive
25 motion deadline will also be extended accordingly.

26     III.    <u>Motion for Leave to Serve Additional Interrogatories</u>

27       Plaintiff also seeks leave to serve an additional seven interrogatories on defendants
28 Denney, Parker, and Bidwell and an additional ten interrogatories on defendant Brown. ECF No.

85. Given the limitations on plaintiff's ability to conduct depositions and the limited number of additional interrogatories plaintiff seeks to serve, the request will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to quash (ECF No. 81) is denied as moot.

2. Plaintiff's request for blank subpoena forms (ECF No. 81-1) is granted. The Clerk of the Court shall send plaintiff fourteen signed but otherwise blank civil subpoena forms.

3. Plaintiff's request for extension of time (ECF No. 83) is granted and the deadlines in the discovery and scheduling order are extended as follows: The parties may conduct discovery until **September 26, 2016**. Any motions necessary to compel discovery shall be filed by **September 26, 2016**. All requests for discovery pursuant to Federal Rules of Civil Procedure 31 (deposition by written question), 33 (interrogatories), 34 (production of documents), and 36 (admissions) shall be served no later than **July 27, 2016**. All pretrial motions, except motions to compel discovery, shall be filed on or before **December 19, 2016**.

4. Plaintiff's request for leave to serve additional interrogatories (ECF No. 85) is granted. Plaintiff may serve defendants Denney, Parker, and Bidwell with an additional seven interrogatories each and defendant Brown with an additional ten interrogatories.

DATED: July 13, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE