UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD,<br><br>    Plaintiff,<br><br>  v.<br><br>JIM DENNY, et al.,<br><br>    Defendants. | No. 2:12-cv-0915 TLN AC P<br><br><br>ORDER |

    Plaintiff is a former county and current state prisoner proceeding pro se and in forma pauperis in this action. Currently before the court are plaintiff's motions for an extension of time to respond to discovery requests (ECF No. 92); for a protective order and stay (ECF No. 93); for the issuance of subpoenas (ECF No. 94); and for an order directing the California Department of Corrections and Rehabilitation (CDCR) to provide plaintiff with copies (ECF No. 95). Also before the court is plaintiff's request to withdraw his objections to the taking of his deposition as noticed and to withdraw his request for subpoena forms. ECF No. 96.

    I.    <u>Motion for Extension of Time</u>

    Plaintiff requests an additional fourteen days to serve his responses to defendants' requests for discovery. Good cause appearing, the request will be granted.

////

////

II.     Motion for Protective Order and Stay

Plaintiff also seeks the issuance of a protective order and a "STAY as necessary to preserve the Plaintiff's rights in this matter." ECF No. 93 at 3. Plaintiff states that he seeks a protective order "directing Defendants and Defendant's Counsel to refrain from using Plaintiff's Social Security Number within any further discovery requests, subpoenas, [and] court pleadings in this matter" or in instances where further identifying information is required that his social security number be redacted to the last four digits. Id. at 1-2. He further requests that the order direct that his medical records not be used or disseminated "except as necessary for litigation" and that any individuals to whom the records are disclosed be required to maintain their confidentiality. Id. at 2.

Local Rule 141.1(c) requires that a motion for a protective order must be accompanied by a proposed protective order. Plaintiff has not included a proposed protective order. Moreover, it appears that a stipulated protective order is likely possible in this case as plaintiff avers that defendants' counsel has stated he has no objection to plaintiff's proposed terms and that he would be sending plaintiff a sample or draft order. ECF No. 93 at 2-3. Plaintiff further states that he has sent correspondence to defendants' counsel requesting they enter into a stipulated protective order but that he has not heard back yet due to delays with the mail where he is housed. Id. at 3. Because plaintiff has not submitted a proposed protective order, the motion will be denied without prejudice to a motion that is accompanied by a proposed order. The parties are encouraged to submit a stipulated protective order if possible.

With respect to plaintiff's request that the case be stayed "as necessary to preserve [his] rights in this matter," it appears that plaintiff is not actually seeking a stay, since a stay would put the entire proceeding on hold, including resolution of his motion. It seems that what plaintiff is attempting to do is to ensure that he is not disadvantaged by any time that may be lost awaiting a decision on his motion.[1] The court will therefore construe the motion as one for extension of the time for the completion of discovery to account for delays caused by obtaining a protective order.

---

[1] Plaintiff has requested a "stay" pending resolution of a number of motions he has submitted. See ECF Nos. 92 at 3; 94 at 3; 95 at 3.

1   However, in light of plaintiff's representation that he has already signed a medical release on the
2   condition that defendants maintain the confidentiality of his medical information and social
3   security number and defendants' apparent agreement to abide by the restrictions set forth by
4   plaintiff, it is not clear that an extension of time is necessary.  There does not seem to be any
5   disagreement between the parties and discovery does not close until September 26, 2016.  The
6   motion will therefore be denied without prejudice.  If plaintiff has documents that he does not
7   want to produce until a protective order is issued, he should file a motion generally identifying
8   those documents and how much time he is seeking (i.e. the documents will be produced within
9   fourteen days of the entry of a protective order).  If plaintiff is seeking some other type or relief,
10  he should file a motion specifying the relief he is seeking.

11  III.     Motion for an Order Directing the CDCR to Provide Copies

12      Plaintiff estimates that he has over 1,300 pages of medical records and documents that he
13  must obtain copies of in order to properly respond to defendants' discovery requests.  ECF No. 95
14  at 2.  He asserts that CDCR places a fifty page limit on copy requests, making him unable to
15  obtain the copies he needs.  Id.  He requests that either CDCR be ordered to provide him with the
16  copies he needs or that he be relieved of his obligation to respond beyond the copy limits imposed
17  upon him.  Id. at 2-3.  The court requires additional information before it can determine how to
18  proceed.

19      Plaintiff will be required to file a supplement to his motion that (1) reproduces the
20  discovery requests that he believes the copies are necessary to respond to, and (2) provides more
21  information about the documents he is trying to get copied.  Plaintiff currently identifies the
22  documents as "medical records and documents."  Id. at 2.  In supplementing his motion, plaintiff
23  should specify whether the documents are all contained within his CDCR medical file and the
24  timeframe they cover.  If some documents plaintiff wants copies of are not a part of his CDCR
25  medical file, he should generally identify the documents and explain where they came from (i.e.
26  his C-file, an outside medical provider, etc.).  While this motion is pending, plaintiff should still
27  respond to defendants' discovery requests to the best of his ability and any responses that he
28  provides should indicate which requests he is still trying to obtain copies for.

### IV. Request to Withdraw

Plaintiff has filed a request to withdraw his motion for signed but otherwise blank subpoena forms (ECF No. 94) and his objections to the taking of his deposition (ECF No. 87). ECF No. 96. Plaintiff's request will be granted and the motion and objections are withdrawn.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to serve his discovery responses (ECF No. 92) is granted. Plaintiff shall have an additional fourteen days to serve his responses to defendants' discovery requests.

2. Plaintiff's motion for a protective order (ECF No. 93) is denied without prejudice to a motion accompanied by a proposed order.

3. Plaintiff's motion for stay (ECF No. 93) is construed as a motion for extension and is denied without prejudice.

4. Within fourteen days of service of this order, plaintiff shall file a supplement to his motion for copies (ECF No. 95). The supplement must do the following: (1) reproduce the discovery requests plaintiff needs copies for; (2) tell the court whether all the documents he is trying to get copies of are in his CDCR medical file; (3) state the time period the documents cover; and (4) generally identify any documents not from plaintiff's CDCR medical file and explain where they are from.

5. Plaintiff's request to withdraw his objections and motion for subpoena forms (ECF No. 96) is granted. Plaintiff's objections (ECF No. 87) and motion for blank subpoena forms (ECF No. 94) are withdrawn.

DATED: August 12, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE