UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID G. LEONARD,

            Plaintiff,

    v.

JIM DENNY, et al.,

            Defendants.

No.  2:12-cv-0915 TLN AC P

ORDER

Plaintiff is a former county and current state prisoner proceeding pro se and in forma pauperis in this action.  Currently before the court are plaintiff's motion for an extension of time to file motions to compel and to identify and name defendant Doe (ECF No. 98) and motion for an order directing copies (ECF No. 95).

    I.      Motion to Extend Time

Plaintiff has filed a motion for extension of time in which to file motions to compel responses to interrogatories and requests for admission.  ECF No. 98 at 9, ¶ 29.  Plaintiff also moves for an extension of time in order to identify and name defendant Doe.  Id. at 11.

Good cause appearing, plaintiff's request for an additional thirty days to file motions to compel responses to interrogatories and admissions will be granted.  In light of plaintiff's pending

////

////

1

1  motion to compel responses to his requests for production, which was timely filed (ECF No. 99),[1]

2  and his expressed intent to file additional motions to compel, the dispositive motion deadline will

3  be vacated and re-set upon resolution of the discovery issues in this case.

4       With respect to the request for an extension of time to amend the complaint, it is unclear

5  from plaintiff's motion if he has identified defendant Doe or if believes he will be able to identify

6  defendant Doe through the discovery he seeks to compel from defendants.  Plaintiff was informed

7  in the court's screening order that failure to identify the Doe defendant and serve him prior to the

8  close of discovery would result in a recommendation that the claims against defendant Doe be

9  dismissed.  ECF No. 76 at 7.

10      In light of the pending discovery disputes, the court will defer a recommendation

11  regarding dismissal of the Doe defendant.  However, if plaintiff has learned the identity of

12  defendant Doe, he should not delay in filing a motion to substitute.  A motion to substitute need

13  only identify the individual who plaintiff wants to substitute for defendant Doe, and should not

14  contain any new claims.

15      Plaintiff's motion also indicates that he may be seeking an extension of time to move to

16  add additional defendants and claims.  ECF No. 98 at 11.  Since the court has not set a deadline

17  for amending the complaint, an extension is not necessary.  However, at this stage, leave of the

18  court is required to amend a pleading absent written consent by defendants.  Fed. R. Civ. P.

19  15(2)(a).  Plaintiff is advised that Local Rule 137(c) requires any motion to amend be

20  accompanied by a copy of the proposed amended complaint.  Failure to provide a copy of the

21  proposed amended complaint will result in denial of the motion to amend.  Plaintiff is also

22  reminded that Local Rule 220 requires that an amended complaint be complete in itself without

23  reference to any prior complaints.

24      II.      Order Directing the CDCR to Provide Copies

25      Also before the court is plaintiff's motion for an order directing the California Department

26  of Corrections and Rehabilitation (CDCR) to provide copies.  ECF No. 95.  Plaintiff was

27

28  ------------------------
[1]  Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266, 276 (1988).

previously informed that in order for the court to determine how to proceed, he must provide further information regarding the requests and documents he was trying to get copied.  ECF No. 97 at 3.  The time for plaintiff to provide the requested supplemental information has passed and he has not provided the court with any further information.  Therefore, plaintiff's request for the court to direct CDCR to provide copies to plaintiff is denied without prejudice to the filing of another motion that contains the requested information.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to extend the time to file motions to compel (ECF No. 98) is granted and plaintiff shall have thirty days from service of this complaint to file and serve motions to compel responses to his interrogatories and requests for admission.

2.  The December 19, 2016 dispositive motion deadline is hereby vacated and will be re-set upon resolution of any discovery issues.

3.  Plaintiff's request for an extension of time to amend the complaint (ECF No. 98) is granted to the extent the court will delay in recommending dismissal of defendant Doe.  The request is otherwise denied as moot.

4.  Plaintiff's request that the court order CDCR to provide him with copies (ECF No. 95) is denied without prejudice to a motion containing the information requested by the court.

DATED: October 7, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE