UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD, | No. 2:12-cv-0915 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| JIM DENNY, et al., | |
| Defendants. | |

Plaintiff is a former county and current state prisoner proceeding pro se and in forma pauperis in this action. Plaintiff has filed motions to compel production (ECF No. 99) and to compel responses to interrogatories (ECF No. 104). Defendants have filed oppositions to both motions. ECF Nos. 105, 106.

Defendants stated in their opposition to plaintiff's motion to compel answers to interrogatories that the parties had not had the opportunity to meet and confer due to issues setting up a teleconference through the California Department of Corrections and Rehabilitation's prison litigation office. ECF No. 106 at 2. Although meet and confer efforts are not required in pro se prisoner cases such as this one, because defendants have requested the motion not be decided until they have had a telephone call with plaintiff to discuss his discovery disputes and plaintiff's

////

////

1

motion to compel interrogatories is not complete,[1] the motion to compel interrogatory responses will be vacated in order to give the parties an opportunity to telephonically meet and confer regarding the responses to the interrogatories.

Because plaintiff fully briefed his disputes in the motion to compel production of documents, the parties are encouraged, but not required, to discuss issues concerning the motion to compel production, as well as any other foreseeable discovery disputes.[2] The court will not issue a decision on the motion to compel production until after plaintiff advises the court whether any of the discovery disputes are resolved during the meet and confer. Defendants shall file a notice advising the court of the date on which the meet and confer takes place within seven days of the call. Plaintiff shall advise the court whether any issues related to his motion to compel the production of documents that are resolved during the meet and confer. If any disputes are resolved, plaintiff must identify them so that the court knows they are no longer at issue. Plaintiff shall have forty-five days from the date of the call to file a motion to compel responses to interrogatories or requests for admission on any issues not resolved during the phone call.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's motion to compel responses to interrogatories (ECF No. 104) and his deadline to file a motion to compel responses to requests for admission are vacated.

2. Defendants shall have thirty days from the date of this order to conduct a telephonic meet and confer with plaintiff and shall notify the court of the date the meet and confer took place within seven days of the call.

3. Within fourteen days of the meet and confer, plaintiff shall advise the court of any discovery disputes related to his request for production that were resolved during the meet and confer.

---

[1] Plaintiff filed his motion before it was complete because he had not yet received the order granting him an extension of time to file a motion to compel and was concerned about exceeding his deadline. ECF No. 104-1.

[2] In requesting an extension of time, plaintiff indicated that he may also file a motion to compel responses to requests for admission. ECF No. 98 at 8, ¶ 26.

4. Plaintiff shall have forty-five days from the date of the meet and confer to file a motion to compel answers to interrogatories or requests for admissions.

DATED: November 7, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE