UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD, | No. 2:12-cv-0915 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| JIM DENNY, et al., | |
| Defendants. | |

Plaintiff is a former county and current state prisoner proceeding pro se and in forma pauperis in this action. The parties are currently engaged in attempting to resolve plaintiff's discovery disputes.

I. Procedural History

On September 29, 2016, plaintiff filed his first motion to compel. ECF No. 99. He filed a second motion to compel shortly thereafter (ECF No. 104), and in response defendants requested that they be given the opportunity to meet and confer with plaintiff regarding his discovery disputes (ECF No. 106). Defendants' request for additional time to telephonically meet and confer with plaintiff was granted and the second motion to compel, which plaintiff had indicated was incomplete,[1] was vacated with leave to re-file as needed once the parties concluded their

---

[1] Plaintiff filed his motion before it was complete because he had not yet received the order (continued)

1

discussions. ECF No. 107. The first motion to compel, which was complete, was left pending and plaintiff was directed to advise the court whether the issues in that motion were also resolved during the parties' discussions. Id. The deadline for filing any further motions to compel was extended to forty-five days after the parties had their telephonic conference. Id. Due to the delays inherent in plaintiff having to use the postal system to send and receive court filings, plaintiff filed four more motions to compel[2] before he received the order directing him to telephonically confer with defendants counsel. ECF Nos. 108, 109, 111, 117. Those motions were also vacated with leave to refile as necessary after the parties had spoken. ECF Nos. 116, 118.

Due to time limitations placed on inmate phone calls, which defendants were initially told would not be a problem, defendants requested additional time to conduct further telephonic conferences in an attempt to resolve plaintiff's discovery issues without court intervention. ECF No. 119. This request was granted and the parties were given an additional sixty days to complete their discussions. ECF No. 120. At the conclusion of their time to discuss the disputes, defendants notified the court of the last day the parties conducted a conference and advised that they believed all matters had been addressed. ECF No. 122. However, plaintiff filed a response in which he stated that there were still outstanding matters and requesting additional time to try and resolve them, as he felt the discussions up to that point had been productive. ECF No. 123. Plaintiff then filed two notices advising that he was being sent out to surgery, anticipated being unavailable for approximately sixty days, and would notify the court once he was returned to the prison. ECF Nos. 124, 125. Defendants were then directed to advise the court regarding the current status of discovery and whether they felt further efforts to meet and confer would be beneficial. ECF No. 126. Defendants advised that they expected supplemental responses based on their previous discussions would be served by May 30, 2017, and that they did not object to additional discussions with plaintiff. ECF No. 127. They requested sixty days to meet and

---

extending his time to file a motion to compel and was concerned about exceeding the deadline. ECF No. 104-1.
[2] Each of plaintiff's motions dealt with a separate set of requests.

confer, to start after plaintiff notified the court that he was back at the prison.  Id.

The parties will be granted sixty days from the filing of this order to finish meeting and conferring.  Although plaintiff has not yet notified the court of his return to the prison, it has now been approximately sixty days since plaintiff advised that he would be sent out for surgery.  Furthermore, based upon defendants' representations, plaintiff has likely received their supplemental responses at this point.  The court will also vacate plaintiff's original motion to compel (ECF No. 99) since it appears that the parties' discussions have included the issues identified therein and many of those issues may no longer need to be addressed by the court (ECF Nos. 122, 123).  Plaintiff will be given leave to file a renewed motion to compel containing any issues that are still outstanding.  The parties are further advised that while the court appreciates their cooperation and efforts to resolve these issues without the court's intervention, discovery cannot continue indefinitely and further extensions of the time to meet and confer will likely not be granted unless the time requested is brief.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for additional time to meet and confer with defendants on discovery matters (ECF No. 124) is granted.

2. Plaintiff's motion to compel filed September 29, 2016 (ECF No. 99) is vacated.

3. The parties shall have sixty days from the filing of this order to complete the meet and confer process regarding discovery disputes.

4. Within seven days of the parties' final telephonic meeting, defendants shall notify the court of the date of that meeting and that discussions regarding discovery disputes have concluded.

5. Plaintiff shall have forty-five days from the date of the final telephonic conference to file a motion to compel addressing any discovery issues that are still outstanding.

DATED: June 12, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3