1

2

3

4

5

6

7

8    UNITED STATES DISTRICT COURT

9    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID G. LEONARD,                              No.  2:12-cv-0915 TLN AC P

12        Plaintiff,

13        v.                                        ORDER

14   JIM DENNY, et al.,

15        Defendants.

16

17        Plaintiff is a current state and former county prisoner proceeding pro se with claims

18   brought pursuant to 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act, 42 U.S.C.

19   §§ 12131-12134; Section 504 of the Rehabilitation Act of 1973; and state tort law.  Currently

20   before the court are plaintiff's motions to substitute (ECF No. 135), reopen discovery (ECF No.

21   136), and for an extension of time to respond to defendants' motion for summary judgment (ECF

22   Nos. 148, 153, 154).[1]  Also before the court is defendants' motion to exceed the page limit for

23   their summary-judgment motion.  ECF No. 140.

24        I.    Motions to Substitute and Re-Open Discovery

25        Plaintiff has filed a motion to substitute or rename defendant "J. Saunders" as defendant

26   "Samuel Sanders."  ECF No. 135.  By separate motion, he argues that, based upon the confusion

27   _____

[1]  Plaintiff's motions for protective orders (ECF Nos. 151, 152) will be addressed by separate

28   order.

1

surrounding defendant's identity, discovery should be re-opened.  ECF No. 136.  Defendants do not object to correcting the docket to reflect that the defendant's correct name is Samuel Sanders (ECF No. 139), but do object to the re-opening of discovery (ECF No. 138).

Plaintiff's request to substitute or rename defendant "J. Saunders" will be granted to the extent that the Clerk of the Court will be directed to update the docket to reflect that defendant "J. Saunders'" correct name is "Samuel Sanders."  To the extent the motion seeks to substitute "Samuel Sanders" for "J. Saunders," the motion will be denied because it is clear that "Samuel Sanders" and "J. Saunders" are the same individual who was simply mis-named.[2]

With respect to plaintiff's motion to re-open discovery, he argues that he has been deprived the opportunity to take discovery specific to defendant Sanders because he was unaware of the defendant's correct name until he received defendants' motion to extend the dispositive motion deadline (ECF No. 133) on December 19, 2017.  ECF No. 136 at 1-2.  He further argues that re-opening discovery would be proper because it would allow him to pursue motions to compel.  Id. at 3.  Defendants oppose the motion on the grounds that plaintiff has been aware of defendant Sanders' correct name for some time and was not prevented from conducting discovery as to this defendant.  ECF No. 138.

In this case, discovery was initially scheduled to close on August 26, 2016.  ECF No. 80 at 5.  The deadline was extended a number of times, first to allow plaintiff to file motions to compel, and then to allow the parties to telephonically meet and confer in an effort to resolve the discovery issues raised.  ECF Nos. 86, 103, 107, 120, 128.  Because the parties were attempting to resolve the discovery disputes without court intervention, plaintiff's motions to compel were vacated with leave to re-file as to any issues that remained upon completion of the parties' discussions.  ECF Nos. 107, 116, 118, 128.  Plaintiff was notified on multiple occasions that he would have forty-five days from the completion of discovery discussions to file a motion to compel on any outstanding discovery issues.  ECF Nos. 107, 116, 118, 120, 128.  On August 18,

---

[2]  In the opposition to plaintiff's motion to re-open discovery, defendants assert that Sanders was "the only physician during Plaintiff's detainment at Sutter County Jail" (ECF No. 138 at 2) and plaintiff does not dispute this fact (ECF No. 147 at 4).

2

2017, defendants filed a notice advising the court that the parties had conducted their last telephonic conference that day (ECF No. 131), thus triggering plaintiff's time to file a motion to compel. On October 17, 2017, after plaintiff's time for filing a motion to compel had passed, the court issued an order noting that discovery was closed and re-setting the dispositive motion deadline. ECF No. 132. On December 8, 2017, the dispositive motion deadline was extended to February 1, 2018. ECF No. 134. On January 4, 2018,[3] plaintiff filed his motion to re-open discovery (ECF No. 136), accompanied by a letter stating that there had been an eleven-day delay in his receipt of the December 8, 2018 order, and that he had never received the October 17, 2017 order (ECF No. 137).

In considering whether to grant a motion to amend the scheduling order and re-open discovery, the court is to consider:

> "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence."

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995)). It is "significant" when a party is seeking to re-open discovery rather than extend the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline, [while] a retroactive request suggests that the party paid no attention at all to the deadline." Id. While trial has not yet been set in this case and defendants have not explicitly claimed they would be prejudiced by the re-opening of discovery, this case has been pending since April 2012 and the other factors for consideration weigh heavily against the re-opening of discovery.

First, defendants oppose the motion, and their assertion that plaintiff was not prevented

---

[3] Since plaintiff is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988).

from taking discovery from defendant Sanders is well taken. Even if plaintiff did not realize that he had defendant Sanders' name wrong until December 19, 2017, he was still able to seek discovery from him, as it is clear from Sanders' actions that he understood that he was the individual plaintiff meant when he referred to "J. Saunders,"[4] and there is no evidence that he attempted to avoid his discovery obligations by feigning ignorance as to who plaintiff intended as the defendant.[5] Furthermore, if plaintiff was uncertain as to whether J. Saunders or S. Sanders was the proper defendant prior to discovery, as he also seems to argue (ECF No. 136 at 2; ECF No. 147 at 3, 5), then the discovery period was the time to request further information specific to his intended defendant. Although plaintiff appears to claim that this is what he attempted to do (ECF No. 147 at 3, 5, 7-8), his actual requests, which were directed at all defendants, belie this assertion (ECF No. 138-1 at 5-14; ECF No. 147 at 54-75). Two of the three requests he addresses with particularity do not appear geared toward clearing up any confusion over Sanders' identity. ECF No. 147 at 3 (Request for Admission 4, seeking admission that defendant Brown was under the supervision of J. Saunders or S. Sanders), 10 (Request for Admission 53, seeking to authenticate a recommendation by an outside provider). While the third request does appear to be an attempt to determine S. Sanders' involvement, as opposed to J. Saunders' (id. at 7 (Request for Admission 10, seeking admission that "Specialist (Ophthalmologist) appointment was made by Samuel R. Sanders acting as a Medical Doctor for the Sutter County Jail")), it was objected to as having vague terms, seeking admissions on compound issues, and being overbroad and irrelevant and was neither denied nor admitted on that basis (id. at 25).[6] It does not appear that defendant

---

[4] Sanders accepted service addressed to "J. Saunders" (ECF No. 34) and did not take any action to either quash service or be dismissed from the case based on mistaken identity. Moreover, though Sanders appears to have been less than prompt in clarifying his name, he did eventually file a motion in which he provided his correct name and noted that he had been erroneously sued as "J. Saunders," making explicit his understanding that he was the individual plaintiff intended to sue. ECF No 133 at 1. It appears that he was also the only physician at the Sutter County Jail during the time plaintiff was there. ECF No. 138 at 2.

[5] Defendants objected to the discovery requests on a number of grounds, but none related to Sanders' identity. ECF No. 138-1 at 22-37; ECF No. 147 at 22-49, 54-76.

[6] Although defendants provide Sanders amended responses, in which he admits to making an ophthalmology referral (ECF No. 138-1 at 24), plaintiff claims that he did not receive the amended responses until he received them as attachments to the opposition to his motion to re-

4

objected to the request for admission based on mistaken identity, and if plaintiff believed that the response and objections were improper, he was free to file a motion to compel after the discovery discussions came to a close.

Next, while plaintiff did pursue discovery and the parties conducted a number of telephonic conferences regarding discovery, the court is unable to find that plaintiff was diligent in his attempts to clarify whether J. Saunders and S. Sanders were the same or different people. His fourth request for admission clearly identified both J. Saunders and S. Sanders as possible supervisors for defendant Brown. This demonstrates that at the time he propounded discovery he was aware of the possibility that he had mis-named the defendant or that there were two different individuals that may have been involved in his care, yet he failed to submit requests that would resolve the uncertainty or file a motion to compel related to requests when his dissatisfaction with the response was not resolved through the parties' discovery discussions. Though plaintiff argues that such information should have been disclosed to him in accordance with Federal Rule of Civil Procedure 26 (ECF No. 136 at 4), pro se prisoner cases such as this one are explicitly exempted from disclosure requirements, Fed. R. Civ. P. 26(a)(1)(B)(iv), and he fails to explain why he did not move to compel disclosures if he believed they were required.

As to the next factor, the court finds that given the amount of time the parties were given to both conduct discovery, address discovery disputes, and file motions to compel, it was not foreseeable that additional discovery would be necessary after discovery closed without the filing of any motions to compel.

Finally, it is not clear that re-opening discovery would lead to further admissible evidence. Although plaintiff asserts that he did not have the opportunity to submit discovery requests to defendant Sanders, that is not the case. Plaintiff submitted requests to all defendants and could have submitted requests specific to defendant Sanders that, at a minimum, could have been used to address any doubts plaintiff may have had about his identity.

In light of the factors weighing against re-opening discovery, and plaintiff's failure to seek

open discovery (ECF No. 147 at 11-12). The court will therefore only look to defendants' original responses.

to extend the discovery deadline despite his demonstrated knowledge of both the necessity and means of doing so (ECF Nos. 83, 92, 98, 110, 117, 124 (motions to extend discovery deadline)), the motion to re-open discovery will be denied.

II.     Motion to Exceed the Page Limit

Defendants have filed a motion to exceed the page limit set by the assigned District Judge for motions coming before him. ECF No. 140. However, because this case was brought by a person in custody seeking relief under 42 U.S.C. § 1983, all dispositive matters are referred to the undersigned. L.R. 302(c)(17). Because the motion is being considered by the undersigned in the first instance, the page limitations adopted by the District Judge do not apply and the undersigned does not have a policy on page limits. The motion will therefore be denied as unnecessary.

III.    Motions for Extension of Time

Plaintiff seeks an extension of his time to respond to the motion for summary judgment. ECF Nos. 148, 153, 154. Good cause appearing, the request will be granted and plaintiff shall have sixty days form service of this order to file his response. Given the amount of time that has passed since the motion for summary judgment was filed, no further extensions will be granted absent a showing of extraordinary circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to substitute defendant "J. Saunders" (ECF No. 135) is granted to the extent the Clerk of the Court is directed to update the docket to reflect that defendant "J. Saunders'" correct name is "Samuel Sanders." The motion is otherwise denied.

2.  Plaintiff's motion to re-open discovery (ECF No. 136) is denied.

3.  Defendants' motion to exceed the page limit for their summary-judgment motion (ECF No. 140) is denied as unnecessary.

4.  Plaintiff's motions for an extension of time to respond to the motion for summary judgment (ECF Nos. 148, 153, 154) are granted. Plaintiff shall have sixty days from service of this order to respond to the motion for summary judgment. Failure to file a response will result in

////

////

a recommendation that case be dismissed for failure to prosecute and no further extensions of time will be granted absent a showing of extraordinary circumstances.

DATED: June 13, 2018

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE