UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DAVID G. LEONARD, | No. 2:12-cv-0915 TLN AC P |
|---|---|
| Plaintiff, | |
| v. | PROTECTIVE ORDER |
| JIM DENNY, et al., | |
| Defendant. | |

Plaintiff has filed requests for two protective orders. ECF Nos. 151, 152. The parties have stipulated to one of the protective orders[1] (ECF No. 151) and the motion for the second protective order (ECF No. 152) is unopposed.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' Stipulated Protective Order (ECF No. 151 at 8-12) is APPROVED and INCORPORATED herein.

2. Plaintiff's unopposed motion for protective order (ECF No. 152) is GRANTED and the proposed Protective Order (ECF No. 152 at 6) is APPROVED AND INCORPORATED herein.

---

[1] The court notes that plaintiff has provided a copy of a July 18, 2017 letter from defendants' counsel that states that they had "proceeded to file [the stipulated protective order] with the Court." ECF No. 151 at 5-6. However, the docket reflects that defendants did not file the stipulated protective order as counsel represented. Defendants have not provided any explanation

1

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Rule 141 of the Local Rules of Practice for the United States District Court, Eastern District of California (Local Rules). In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the Local Rules. In particular, Local Rule 141 requires that "[t]he 'Request to Seal Documents' shall set forth *the statutory or other authority for sealing*, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b) (emphasis added).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir.), cert. denied, 137 S. Ct. 38 (2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, including any disputes regarding inadvertently produced materials under Federal Rule of Evidence 502, the parties shall follow the procedures outlined in Local Rule 230(l). Absent a showing of good cause, the court will not hear discovery disputes on an *ex parte* basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's

approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation (ECF No. 151 at 8-12) or plaintiff's proposed terms (ECF No. 152 at 6) that is in conflict with anything in this order is hereby DISAPPROVED.

IT IS SO ORDERED.

DAED: June 13, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE