UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD, | No. 2:12-cv-0915 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| JIM DENNY, et al., | |
| Defendants. | |

Plaintiff is a current state and former county prisoner, proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983; Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134; Section 504 of the Rehabilitation Act of 1973; and state tort law.

Plaintiff moves the court to strike or deny defendants' motion for summary judgment on the grounds that it was defectively filed and was not accompanied by the notice required by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc). ECF No. 158. Specifically, he argues that defendants failed to properly file the motion for summary judgment because it was not accompanied by a certificate of service, and when the certificate of service was filed a week later, it reflected that the motion had been served on plaintiff the day after the filing deadline. Id. at 2-4. Plaintiff further argues that the motion for summary judgment was defective because it was not accompanied by a Rand Notice, as required by court order. Id. at 4-7. Defendants oppose the motion, arguing that plaintiff was not prejudiced by the oversights and that sanctions are

1

inappropriate.

Both the Federal and Local Rules require that a certificate of service be attached to a motion when it is filed. Fed. R. Civ. P. 5(d)(1); L.R. 135(c). This means that service must occur prior to or at the same time as filing, which is evidenced by Rule 5, which states that filing must occur "within a reasonable time after service," not that service may occur after filing. Fed. R. Civ. P. 5(d)(1).

Defendants' motion for summary judgment and the accompanying exhibits were filed on February 1, 2018. ECF Nos. 141, 142. However, a certificate of service was not filed until nearly a week later on February 7, 2018, and the certificate showed that the motion and exhibits had been served on February 2, 2018. ECF No. 143. Dispositive motions were to be filed by February 1, 2018. ECF No. 134. It appears that in order to meet the filing deadline set by the court, defendants' counsel did not serve the motion prior to or contemporaneously with filing so that the motion could be filed with a certificate of service as required. Then, due to an oversight, counsel failed to file the certificate of service until nearly a week later. Counsel also failed to serve plaintiff with a Rand Notice until February 8, 2018 (ECF No. 144), even though defendants were ordered to contemporaneously serve a Rand Notice with any motion for summary judgment or face potential denial of their motion (ECF No. 17 at 5, ¶ 13).

Plaintiff is correct that defendants' filing of the motion for summary judgment was not in technical compliance with the Federal Rules of Civil Procedure and Local Rules, because service did not occur until after filing and the certificate of service was not attached to the motion when it was filed. He is also correct that defendants failed to comply with the court's order when they served the Rand Notice a week after serving the motion for summary judgment. Although defendants corrected their oversight relatively promptly (ECF No. 144), plaintiff asserts that he did not receive the notice sent by defendants and did not obtain a copy until July 15, 2018, after it was sent to him by a third party (ECF No. 160 at 2, ¶ 11).

Defendants' failure to strictly comply with the rules regarding certificates of service is a minor violation that alone would warrant, at most, a warning about diligence. However, the Ninth Circuit has stressed the importance of pro se prisoners receiving a Rand Notice at the same

2

time as the motion for summary judgment, and failure to provide contemporaneous notice is grounds for reversal. Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012). The undersigned is committed to enforcement of the Rand Notice requirement in all cases, and will not entertain a motion for summary judgment against a pro se prisoner unless a Rand Notice was contemporaneously served. This policy is intended to ensure consistent compliance with Rand obligations by § 1983 defendants, and therefore will be applied strictly and regardless of actual prejudice to plaintiff.

Accordingly, the court will follow its general policy here even though plaintiff has not yet responded to the motion. Although defense counsel cannot be faulted for the apparent loss of their notice in the mail, this situation would not have arisen had the notice been properly served with the motion. Given the excessive delay between plaintiff's receipt of the summary judgment motion and the notice, the court will grant plaintiff's request and strike the motion for summary judgement. However, this order will be without prejudice to a properly filed motion that is accompanied by a Rand Notice, and the dispositive motion deadline will be extended for that purpose.

The court notes that this is not counsel's first failure to properly carry out their obligations, and while these oversights do not appear to be willful, counsel's carelessness has led to additional work for the already overburdened court. See ECF No. 75 at 2-3 (addressing counsel's failure to serve plaintiff at the correct address and failure to notify the court of the mistake); ECF No. 121 (addressing counsel's failure to notify the court of the completion of discovery discussions); ECF No. 157 at 1 n.1 (noting that counsel failed to file the stipulated protective order after advising plaintiff he had done so). The Eastern District of California maintains one of the heaviest caseloads in the nation and it does not have the time or resources, nor is it the court's responsibility, to continually remind counsel of their responsibilities and deadlines. Counsel is warned that any further failures to comply with the rules and orders of this court will likely result in monetary sanctions.

Since defendants' motion for summary judgment is being stricken, plaintiff's motion for an extension of time to respond to the motion will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike or deny the defendants' motion for summary judgment (ECF No. 158) is GRANTED in part and defendants' motion for summary judgment (ECF No. 141) is stricken without prejudice to refiling.

2. The February 1, 2018 dispositive motion deadline is vacated and re-set to August 30, 2018. Defendants shall have until August 30, 2018 to re-serve and re-file their motion for summary judgment. The motion must be accompanied by a <u>Rand</u> Notice and the Notice must be in a document separate from the motion. Failure to contemporaneously serve plaintiff with a Rand Notice will result in sanctions.

3. Plaintiff's motion for an extension of time (ECF No. 160) is DENIED as moot.

DATED: August 22, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE