**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
Brandon Gnekow, SBN 306669
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants JIM DENNEY (erroneously sued as JIM DENNY), Sheriff J. PAUL PARKER, Correctional Lieutenant NORMAN BIDWELL, Doctor SAMUEL SAUNDERS, Nurse DORIS BROWN (erroneously sued as DORRIS BROWN), and COUNTY OF SUTTER (also sued as SUTTER COUNTY SHERIFF'S DEPARTMENT and SUTTER COUNTY JAIL)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD, and EDUARDO MARQUEZ (a minor child),<br><br>Plaintiff,<br>v.<br><br>JIM DENNEY, Sheriff, (County of Sutter); J. PAUL PARKER, Sheriff (County of Sutter); Officer BIDWELL (Sutter County Jail Commander); John Doe (No. 1), Custody Officer (Sutter County Jail); SAMUEL SAUNDERS, Medical Doctor (Sutter County Jail); DORIS BROWN, Nurse Practitioner (Sutter County Jail); SUTTER COUNTY SHERIFF'S DEPARTMENT; SUTTER COUNTY JAIL; and COUNTY OF SUTTER,<br><br>Defendants.<br>_____ / | Case No: 2:12-cv-00915 TLN AC P<br><br>**STATEMENT OF UNDISPUTED FACTS OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>**No hearing pursuant Local Rule 230(l)**<br><br>Second Complaint filed: 09/25/14 |

Defendants COUNTY OF SUTTER (also sued as "SUTTER COUNTY SHERIFF DEPARTMENT" and "SUTTER COUNTY JAIL"), JIM DENNEY (erroneously sued as "DENNY"), SAMUEL SANDERS (erroneously sued as "J. SAUNDERS"), PAUL PARKER, NORMAN BIDWELL and Nurse DORIS BROWN (erroneously sued as DORRIS BROWN), hereby submit this Separate Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment.

1
**STATEMENT OF UNDISPUTED FACTS OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
{01747263.DOC}

# STATEMENT OF FACTS

| | **DEFENDANTS' UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** | **PLAINTIFF'S UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE** |
|---|---|---|
| 1. | At all relevant times, Sutter County Jail's Jail Medical Services were governed by the Jail Medical Services Policy & Procedure Manual. JMS Policy #16-102 provides for the roles and responsibilities of the Medical Director. Policy requires that the medical director be present one a week and that a Nurse Practitioner may provide healthcare services under the supervision of the physician.<br><br>**Evidence:**<br>Declaration of Amerjit Bhattal ("Bhattal Dec."), ¶4, **Ex. A**. | |
| 2. | Policy #JMS 16-108 provides that a inmate will have timely access to healthcare in order to meet their serious medical, dental, and mental health needs as medically necessary and prescribed by law.<br><br>**Evidence:**<br>Bhattal Dec., ¶5, **Ex. B.** | |
| 3. | Pursuant to #JMS 16-519 Sutter County Jail Medical Services will provide outpatient clinical services to inmate that are medically required and appropriate to the health condition. These arrangements to see private physician are subject of financial and security requirements. All treatment and medication recommended by private physician will be subject to review by the healthcare provider at Jail Medical Services for medical necessity and appropriateness in the Jail setting.<br><br>**Evidence:**<br>Bhattal Dec., ¶6, **Ex. C.** | |

| | | |
|---|---|---|
| 4. | Plaintiff arrived at Sutter County on June 18, 2009. On June 24, 2009 Plaintiff was examined by Nurse Brown. Plaintiff indicated to Nurse Brown that he has a history of lower back pain, a torn labrum in his right shoulder, "borderline" diabetes, and hayfever/asthma. Plaintiff also indicated that he had allergies to peas, beets, and "doxy." <br><br>**Evidence:** <br>Declaration of John Whitefleet ("Whitefleet Dec."), ¶2, **Ex.A**, Deposition of David Leonard ("Leonard Depo."), 36:7-11; <br>Declaration of Dr. Samuel Sanders ("Sanders Dec.), ¶3, **Ex. A** | |
| 5. | Plaintiff agreed the Classification Contract, where he acknowledge his classification is based on information provided by Plaintiff, as well as other consideration such as criminal history, current charges an extenuating circumstances on June 18, 2009. <br><br>**Evidence:** <br>Leonard Depo at Exhibit 3, LEONARD 00094 | |
| 6. | Plaintiff was seen by JMS staff on 6/21/2009, 6/22/2009, 6/24/2009, and 7/15/2009. During that time Plaintiff, informed JMS that he had a history of lower back pain ("LBP"), asthma and a previous viral infection in his right eye that begin in 2003. Plaintiff was started on a course of treatment to alleviate his back pain, beginning with Tylenol and muscle rub and then increasing to Ibuprofen. <br><br>**Evidence:** <br>Sanders Dec., ¶¶4,5,8,9 <br>Brown Dec., ¶¶3,4,6,7 | |

**STATEMENT OF UNDISPUTED FACTS OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
{01747263.DOC}

| | | |
|---|---|---|
| 7. | Plaintiff was seen by JMS staff on 8/12/2009, 8/13/2009, 8/14/2009, and 8/17/2009. Plaintiff visited JMS complaining of blurred vision. Plaintiff was immediately referred to an ophthalmologist Dr. Amin. After Plaintiffs visit with Dr. Amin, JMS medical staff followed up with Dr. Amin and Dr. Amin's office informed JMS that Plaintiff should continue to use eye drops until the infection was gone and not refill his prescription.<br><br>**Evidence:**<br>Sanders Dec., ¶¶4-7, 29-32;<br>Brown Dec., ¶¶3-5,21-23. | |
| 8. | Plaintiff was examined by Dr. Pranav Amin. Plaintiff was diagnosed with stromal keratitis of the right eye and Dr. Amin discovered an "old" corneal scar. <u>Id</u>. Plaintiff was properly prescribed Viroptic, Pred Forte, and Xibrom topical eye drops to treat his HSK. Plaintiff eye infection resolved within a week or two.<br><br>**Evidence:**<br>Sanders Dec., ¶ 30;<br>Leonard Depo., 45:14-46:2. | |
| 9. | Plaintiff was seen by JMS staff on 9/2/2009, 10/28/2009, 11/4/2009, 11/8/2009, 11/10/2009, 11/17/2009, 11/18/2009, 12/5/2009, and 12/18/2009. Nurse Brown and Dr. Sanders prescribed and approved the stronger medication Baclofen for Plaintiff's LBP and Plaintiff was removed from work duties. Nurse Brown recommended Plaintiff move to a bottom cell, provided one was available. Plaintiff specifically requested that JMS not prescribe him medication that might sedate him. However, Plaintiff informed Nurse Brown that he had experienced relief in his neck, shoulder, and back pain following the Baclofen prescription, | |

|  |  |  |
|---|---|---|
|  | which Plaintiff continued to refill. Nurse Brown requested and received Plaintiff's 2007 MRI, which was reviewed with Plaintiff. Plaintiff requested a MRI.<br><br>**Evidence:**<br>Sanders Dec., ¶¶ 4-7, 10-14, 24-28, 33; Brown Dec., ¶¶ 3-5, 8-11, 17-20, 24-25. |  |
| 10. | Plaintiff was seem by JMS on 1/1/2010, 1/7/2010, 1/8/2010, 1/13/2010, 1/21/2010, and 2/18/2010. Plaintiff requested a reduction in his Baclofen prescription from 20mg to 10mg. However, Plaintiff continued to experience LBP and Nurse Brown attempted to contact orthopedic surgeon Dr. Aisle. Plaintiff's request for a MRI, which was granted.<br><br>**Evidence:**<br>Sanders Dec., ¶¶ 4-7, 15-19; Brown Dec., ¶¶ 3-5, 11-16. |  |
| 11. | Plaintiff was seem by JMS on 3/3/2010, 3/4/2010, and 3/8/2010 4/2/2010. Nurse Brown prescribed Plaintiff Viroptic, Pred Forte, and Xibrom topical eye drops and Valtrex after Plaintiff experienced another HSK outbreak. Plaintiff reported feeling "much better." Plaintiff's last visit to Nurse Brown prior to transferring Plaintiff vision was 20/50 in his right eye, the same vision when he entered SCJ.<br><br>**Evidence:**<br>Sanders Dec., ¶¶ 4-7, 20, 34-35; Brown Dec., ¶¶ 3-5, 26-28, 30. |  |
| 12. | Plaintiff was provided an MRI on March 12, 2010. Dr. Tejpal Singh found that Plaintiff had a mild degenerative disk disease, no significant spinal canal or neural foraminal stenosis, Grade 1 anterolistesis of L5 on S1 with bilateral |  |

5

**STATEMENT OF UNDISPUTED FACTS OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

{01747263.DOC}

| | | |
|---|---|---|
| | pars intra-articularis defect, and moderately sever bilateral neural forminal stenosis. On March 16, 2010 Dr. Sanders reviewed Dr. Singh's findings with Plaintiff and discussed the possibility of surgical injections. Dr. Sanders also referred Plaintiff to the Feather River Surgery & Pain Management Center on March 17, 2010 To further assist with Plaintiff's pain control, Plaintiff was referred.<br><br>**Evidence:**<br>Sanders Dec., ¶¶ 4-7, 21-23. | |
| 13. | During Plaintiff's intake on June 18, 2009, Plaintiff was assigned to housing A-10. A strip search was authorized due to violence. Plaintiff was informed of his classification and signed a contract attesting to his housing assignment.<br><br>**Evidence:**<br>Leonard Depo., Exhibits 3. | |
| 14. | On 6/28/2009, 7/10/2009, 7/21/2009 Plaintiff requested to be moved to a different cell block. Plaintiff made these requested these to have easier access to medical, as he would not have to be shackled, wanted more space, easier access to shower, all day access to the recreation room, and because there was an identity breach. The submitted requests did not state any difficulty navigating the stairs. Plaintiff was informed that there were no rooms available and he was house appropriately for his charges and classification.<br><br>**Evidence:**<br>Leonard Depo., Exhibits 4, 6, 12 ;<br>Leonard Depo., 102:18-106:12. | |

**STATEMENT OF UNDISPUTED FACTS OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

{01747263.DOC}

| | | |
|---|---|---|
| 15. | On July 21, 2009 Plaintiff reminded officers that he has allergies, especially to a specific type of mold, but did not identify any mold in the facility. Id. In addition, Plaintiff claimed that he was had a doctor's recommendation, which allowed for a mattress exchange, but Plaintiff was not provided a second mattress. Id. Responding the same day, officers made note of the mold allergies on Plaintiff's medical chart and informed Custody of the mattress accommodation request. Id.<br><br>**Evidence:**<br>Leonard Depo., Exhibit 13;<br>Leonard Depo., 110:13-111:21. | |
| 16. | On August 21, 2009 Plaintiff requested a copy of Dr. Amin's notes for Plaintiff's August 13, 2009 visit to Sutter North Medical to evaluate his right eye infection. The same day Plaintiff was informed that Dr. Amin had not provided notes and Plaintiff was reminded that recommendation was to follow up with University California Davis Ophthalmology Department when released. Id.<br><br>**Evidence:**<br>Leonard Depo., Exhibits 14;<br>Leonard Depo., 111:24- 112:13. | |
| 17. | On August 11, 2009 Plaintiff wrote a letter to Defendant Bidwell. In the letter, Plaintiff thanks Bidwell for his prompt follow-up regarding the law library repairs. Plaintiff's Herpes Simplex Keratitis infection had become active in his right eye, causing a distortion in his vision and increased eye "pressure." Id. It was Plaintiff's opinion that his HSK if left untreated it would result in irreversible damage and "searing" to his eye. While Plaintiff did not want to file a | |

7
**STATEMENT OF UNDISPUTED FACTS OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
{01747263.DOC}

| | | |
|---|---|---|
| | grievance unless necessary, he claimed to have sent med slips on 7/15/2009, 7/30/2009, and 8/5/2009. Plaintiff made other suggestion that he believed would help with his LBP.<br><br>**Evidence:**<br>Leonard Depo., Exhibits 1;<br>Leonard Depo., 55:17-25, 57:19-61:7 | |
| 18. | On 12/29/2008, 12/23/2009, and 12/7/2010 SCJ underwent an environmental health inspection conducted by the Sutter County Community Services Department. For each inspection, inspectors found that SCJ was clean and in good repair. In addition, the inspection found that policies and procedures were in place for an acceptable level of cleanliness, repair and safety throughout the facility.<br><br>**Evidence:**<br>Declaration of Lietenant Norman Bidwell ("Bidwell Dec."), ¶6. | |
| 19. | During intake, Plaintiff was provided a copy of the SCJ's Inmate Handbook. The handbook states that is the responsibility of the inmate to clean the area surrounding their bunk. Id.<br><br>**Evidence:**<br>Bidwell Dec., ¶10. | |
| 20. | Plaintiff claims he observed what he believed to be black mold surrounding the ventilation duct in his cell during the last few months of his detainment at SCJ. Plaintiff never informed jail staff that he had identified what he believed to be "black mold."<br><br>**Evidence:**<br>Leonard Depo., 95:13-97:25, 108:24-109:3; Sanders Dec., ¶39;<br>Brown Dec., ¶31. | |

**STATEMENT OF UNDISPUTED FACTS OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

{01747263.DOC}

| | | |
|---|---|---|
| 21. | On November 23, 2010, Sutter County Jail received from the Department of Industrial Relations Division of Occupational Safety and Health regarding alleged water leaks in the jail that had caused mold growth. On December 2, 2010, SCJ personnel commenced a complete building inspection to idea any substance that might be identified as mold. Id. While evidence of past water intrusion was discovered, there was no mold present. The inspection included use of a building plan to identify past areas of water intrusion, and visual inspection of the roof, parapet walls and flashing for any openings.<br><br>**Evidence:**<br>Bidwell Dec., ¶12. | |
| 22. | Plaintiff was required to navigate stairs to access the medical cell, law library, recreation yard, the canteen, and the visitor area. Plaintiff estimates that he accessed the medical cell over twenty times. Plaintiff estimates that he accessed the law library over ten times. Plaintiff estimates that he accessed the recreation yard over fifty times. Plaintiff estimates he visited the canteen once a week during his detainment at Sutter County Jail. Plaintiff accessed the visitor area on a weekly basis.<br><br>**Evidence:**<br>Leonard Depo., 98:1-100:6 | |

Dated: August 28, 2018                    PORTER SCOTT
                                          A PROFESSIONAL CORPORATION

                                          By /s/ John R. Whitefleet
                                              John R. Whitefleet
                                              Brandon Gnekow
                                              Attorneys for Defendants

9

**STATEMENT OF UNDISPUTED FACTS OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

{01747263.DOC}

**Case Name:** Leonard v. Denny, et al.
**Case No:** 2:12-cv-00915 AC

# DECLARATION OF SERVICE

I am a citizen of the United States and employed in Sacramento County, California; I am over the age of 18 years and not a party to the within action; my business address is 350 University Avenue, Suite 200, Sacramento, California 95825.

On the date below, I caused to be served the attached:

**STATEMENT OF UNDISPUTED FACTS OF EVIDENCE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

__ X __   **BY MAIL:** I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California.

_____   **BY PERSONAL SERVICE:** I caused such document to be delivered by hand to the office of the person(s) listed below.

_____   **BY OVERNIGHT DELIVERY:** I caused such document to be delivered overnight to the office of the person(s) listed below.

_____   **BY FACSIMILE:** I caused such document to be transmitted by facsimile machine to the office of the person(s) listed below.

Addressed as follows:

David G. Leonard
CDCR No. AC-9689
CIM II, West - CH, 141-L
P.O. Box 368
Chino, CA 91708

I declare under penalty of perjury that the foregoing is true and correct and was executed on August 28, 2018, in Sacramento, California.

                                                  /s/ Jessica Walker
                                                  Jessica Walker