UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD,<br><br>    Plaintiff,<br><br>    v.<br><br>JIM DENNY, et al.,<br><br>    Defendants. | No. 2:12-cv-0915 TLN AC P<br><br><br><br>ORDER |

Plaintiff has filed a motion to strike the declaration of Robert Kersten which was submitted by defendants in support of their motion for summary judgment. ECF No. 170. Plaintiff argues that the declaration was defectively executed, lacks the personal knowledge necessary to authenticate the medical records relied on, and was submitted in bad faith. Id. Plaintiff also requests that he be awarded his expenses in bringing the motion. Id. at 32.

Although it appears that plaintiff is correct that the declaration was not properly signed because it its electronic signature is not accompanied by a statement that counsel has the signed original (L.R. 131(f)), the court will not strike the declaration. Instead, defendants shall have an opportunity to remedy the defective declaration by filing one that is properly signed. It will not be necessary for defendants to resubmit the attachments to the declaration. Failure to submit a properly signed declaration will result in the declaration being disregarded. Plaintiff's other objections to the declaration will be considered as part of his response to the motion for summary

1

judgment. Plaintiff is advised that any further objections he has to defendants' motion for summary judgment or its supporting documentation should be included in his response to the motion and not filed as separate motions. Any requests to extend the deadline to respond to defendants' motion for summary judgment based on plaintiff filing piecemeal objections to the motion will be denied.

Plaintiff has also requested monetary sanctions in the form of his costs in bringing the motion and cites Federal Rule of Civil Procedure 56(h) and this court's previous admonition to defendants' counsel that continued noncompliance with the rules and orders of the court would likely result in monetary sanctions. ECF No. 170 at 32. The request will be denied at this time. If, in considering the motion for summary judgment, the court determines that the declaration was submitted in bad faith, the request for expenses under Rule 56(h) may be reconsidered at that time. With respect to the court's previous warning about sanctions, although counsel will be required to show cause why sanctions should not issue for their repeated non-compliance, any such sanctions will be payable to the court, not to plaintiff.

"Failure of counsel . . . to comply with [the Local] Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L.R. 110. District courts may impose "reasonable monetary sanctions against attorneys for violations of local rules when they are the offending parties." Miranda v. S. Pac. Transp. Co., 710 F.2d 516, 521 (9th Cir. 1983). "[I]mposing a monetary penalty on counsel is an appropriate sanction considerably less severe than holding counsel in contempt, referring the incident to the client or bar association, or dismissing the case." Id. When imposing monetary sanctions under local rules, counsel must have displayed "conduct amounting to recklessness, gross negligence, repeated—although unintentional—flouting of court rules, or willful misconduct." Zambrano v. City of Tustin, 885 F.2d 1473, 1481 (9th Cir. 1989) (footnotes omitted). However, before monetary sanctions can be imposed, counsel must be given "reasonable notice, an opportunity to show cause to the contrary, and, if requested, a hearing." Fed. R. App. P. 46(c); Miranda, 710 F.2d at 523 (before issuing sanctions, district court must provide attorneys with due process protections afforded by Fed. R. Civ. P. 46(c)). Accordingly,

counsel for defendants has been notified of the potential for monetary sanctions and shall now have the opportunity to show cause why they should not be sanctioned $150.00 for their repeated failures to comply with rules and orders of this court as outlined in this order and the court's August 23, 2018 order (ECF No. 162). Counsel may request a hearing on the matter if they so desire.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike the declaration of Robert Kersten and requests for costs in bringing the motion (ECF No. 170) are denied.

2. Within fourteen days of the filing of this order, defendants must submit a properly signed version of Robert Kersten's declaration or the declaration will be disregarded. It is not necessary for defendants to resubmit the attachments to the declaration.

3. Within fourteen days of the filing of this order, counsel for defendants shall show cause why they should not be personally sanctioned $150.00, payable to the Clerk of the Court and not transmittable to the client by way of a charge of attorney's fees and/or costs, for repeatedly failing to comply with the rules and orders of this court.

DATED: October 29, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE