UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID G. LEONARD, | No. 2:12-cv-0915 TLN AC P |
| Plaintiff, | |
| v. | ORDER |
| JIM DENNY, et al., | |
| Defendants. | |

On October 29, 2018, after plaintiff moved to strike the declaration of Robert Kersten as technically defective, counsel for defendants were ordered to file a properly signed version of the declaration and show cause why they should not be sanctioned for repeatedly failing to comply with the rules and orders of this court. ECF No. 171. Counsel has responded to the order to show cause (ECF No. 172) and filed a properly signed declaration (ECF Nos. 173, 177). Upon consideration of counsel's response, the undersigned finds that counsel has sufficiently demonstrated why sanctions should not issue. However, while counsel is correct that the technical and administrative oversights at issue would normally be curable without court involvement, the fact remains that in this case such errors have repeatedly required the court's attention. Moreover, the standards of professionalism that generally require counsel to pay rigorous attention to detail are not lowered because this is a prisoner case. Counsel are advised to take care in the future to check, or have someone check, future filings for compliance with the

1

applicable rules and orders of this court.

Plaintiff has also filed a motion to strike the defendants' undisputed statement of facts, and consequently their motion for summary judgment, for failure to comply with Local Rule 260(a). ECF No. 175. In response to plaintiff's motion to strike Robert Kersten's declaration, plaintiff was explicitly advised that "any further objections he has to defendants' motion for summary judgment or its supporting documentation should be included in his response to the motion and not filed as separate motions." ECF No. 171 at 2. He was further warned that "[a]ny requests to extend the deadline to respond to defendants' motion for summary judgment based on plaintiff filing piecemeal objections to the motion will be denied." Id. Not only has plaintiff ignored this court's explicit instructions, but to the extent he argues that defendants have failed to discretely enumerate each material fact relied on, the court finds that the undisputed statement of facts substantially complies with Local Rule 260(a). As to plaintiff's claims that the statement of facts is not properly supported by citations to the record, these arguments should be made as part of his response to the statement of facts, not as part of a separate motion. The motion to strike will therefore be denied.

Because the deadline for responding to the motion for summary judgment was November 29, 2018, if plaintiff has not already submitted his response to the motion for summary judgment, he shall be given a brief extension of time to do so. Any further objections to the motion for summary judgment, statement of facts, or supporting documentation that are not accompanied by a response to the motion for summary judgment will be denied and will not result in a further extension of plaintiff's deadline to respond. Furthermore, plaintiff is cautioned that if his response to the motion for summary judgment is based solely on alleged technical deficiencies with the motion or supporting documents, and those alleged deficiencies are not sufficient to warrant denial of the motion, he will not be given a separate opportunity to respond to the merits of the motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The order to show cause (ECF No. 171) is discharged;
2. Plaintiff's motion to strike (ECF No. 175) is denied; and

3. Within fourteen days of service of this order plaintiff shall file his response to defendants' motion for summary judgment. No further extensions of time will be granted.

IT IS SO ORDERED.

DATED: November 30, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE